BADGER ET AL. *v.* UNITED STATES EX REL. BOLLES.

A supervisor, town-clerk, or justice of the peace, although his resignation is tendered to and accepted by the proper authority, continues in office, and is not relieved from his duties and responsibilities as a member of the board of auditors, under the township organization laws of the State of Illinois, until his successor is appointed, or chosen and qualified.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

On the seventh day of January, 1875, the relators filed in the Circuit Court for the Northern District of Illinois their petition for a writ of *mandamus* against the plaintiffs in error, alleging that, on May 7, 1874, they recovered, in said court, two judgments at law against the town of Amboy, a municipal corporation under the township organization laws of the State of Illinois; that the supervisor, town-clerk, and justices of the peace of the town constituted a board of auditors, not less than three being a quorum, whose duty it was to convene on the Tuesday preceding the second Tuesday of September, and on the Tuesday preceding the first Tuesday in April, in each year, to examine and audit town accounts; that on the 29th of August, 1874, said board of auditors consisted of Chester Badger, the supervisor, Charles E. Ives, the town-clerk, Lee Cronkrite, Oliver F. Warrener, Simon Badger, and William B. Andrus, justices of the peace of said town; that the relators on that day presented to said board a sworn statement that the judgments were just and unpaid, and should be audited and allowed; they also at the same time delivered to, and filed with, the clerk of the said town, a certified copy of said judgments, which the board neglected and refused to audit, and has refused ever since; that Chester Badger, Ives, Warrener, and Andrus pretended to

resign their offices, and would not discharge the duties thereof, but that no other person had been elected or appointed to succeed them; that the other two justices, Simon Badger and Cronkrite, to defeat the collection of said judgments, refused to act as such auditors, or meet and associate with the collector and assessor of said town to constitute a board of auditors, nor would they by appointment fill said alleged vacancies; that the acts of the parties aforesaid were to hinder and delay the collection of the judgments; that, by reason of their said acts, relators have been unable to obtain the necessary levy and collection of taxes to pay said judgments, and that no provision has been made for the payment thereof by the said town. Relators pray for summons to award a *mandamus* against said parties, to compel them to audit said judgments.

The respondents filed their answer on the 2d of February, 1875. They admit that on the 29th of August, 1874, Chester Badger, supervisor, and Warrener and Andrus, justices of the peace, resigned their respective offices, and that on the 31st of the same month Ives, town-clerk, also resigned. That, pursuant to the provisions of sect. 4, art. 10, of the township organization act of Illinois, Revised Laws 1874, p. 1079, said resignations were made to and accepted by Cronkrite and Simon Badger, justices of the town, who forthwith gave notice to the town-clerk of the resignation of Chester Badger, Andrus, and Warrener, and said clerk made a minute thereof upon the records of said town before he resigned his office. That the resignation of Ives, the town-clerk, was likewise duly accepted, on the said thirty-first day of August, by said justices, and notice thereof entered upon the town records. Respondents insist that their resignations were tendered and accepted in good faith, and that thereby they ceased to be town officers. They admit that no successors have been elected or appointed, and that the remaining two justices of the peace will not act as town auditors, or associate with the collector and assessor of said town, nor have they filled said vacancies by appointment.

The relators demurred to the answer; which demurrer being sustained, and the respondents electing to stand by their answer, the court gave judgment in favor of the relators, and ordered a

peremptory *mandamus* to issue as prayed for in their petition. The respondents thereupon sued out this writ.

Submitted on printed arguments by *Mr. Thomas J. Henderson* for the plaintiffs in error, and by *Mr. George O. Ide, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

No part of the answer in our judgment requires consideration, except that which raises the point of the legality of the resignation of the parties named. If they had ceased to be officers of the town when the *mandamus* was issued, there may be difficulty in maintaining the order awarding a peremptory *mandamus* against them. If they were then such officers, the case presents no difficulty.

The alleged resignations of the supervisor and town-clerk were accepted by the justices of the town; but their successors had not been qualified, nor, indeed, had they been chosen when the petition was filed. Does a supervisor, town-clerk, or justice of the peace of the State of Illinois cease to be an officer when his resignation is tendered to and accepted by a justice of the peace, or does he continue in office until his successor is chosen and qualified?

By the common law, as well as by the statutes of the United States, and the laws of most of the States, when the term of office to which one is elected or appointed expires, his power to perform its duties ceases. *People* v. *Tilman*, 8 Abb. Pr. 359; 30 Barb. 193. This is the general rule.

The term of office of a district attorney of the United States is fixed by statute at four years. When this four years comes round, his right or power to perform the duties of the office is at an end, as completely as if he had never held the office. Rev. Stat. sect. 769. A judge of the Court of Appeals of the State of New York, or a justice of the Supreme Court, is elected for a term of fourteen years, and takes his seat on the first day of January following his election. When the 14th of January thereafter is reached, he ceases to be a judicial officer, and can perform no one duty pertaining to the office. Whether a successor has been elected, or whether he has qualified, does not enter into the question. As to certain town officers, the rule is different. 1 Rev. Stat. (N. Y.) 340, sect. 30.

The system of the State of Illinois seems to be organized upon a different principle. Thus, the Supreme Court consists of seven judges, who are required to possess certain qualifications of age and of residence, and who are elected for the term of nine years (Code of Illinois, 1874, pp. 69, 70), at which time it is provided that the " term of office shall expire."

Circuit judges in like manner are elected for a term of six years. Id. p. 701. County judges and county clerks, probate judges and State's attorneys, are elected for the term of four years. Id. pp. 71, 72.

As to all of these officers, including judges, it is provided in the constitution of Illinois that " they shall hold their offices until their successors shall be qualified." Id. p. 73, sect. 32. They may thus hold their offices much longer than the term for which they are elected.

The provisions as to town officers are of the same character. It is enacted (art. 7, sect. 61, p. 1075) that, at the town meeting in April of each year, there shall be elected in each town one supervisor and one town-clerk, who shall hold their offices for one year, and until their successors are elected and qualified, and such justices of the peace as are provided by law.

Of justices of the peace, it is enacted that there shall be elected in each town not less than two nor more than five (depending upon the population of the town), who shall hold their offices " for four years, or until their successors are elected and qualified." p. 637, sect. 1.

The qualifying so often spoken of is defined as to town officers by art. 9, sect. 85 : —

" Qualifying. Every person elected or appointed to the office of supervisor, town-clerk, &c., before he enters upon the duties of his office, and within ten days after he shall be notified of his election or appointment, shall take and subscribe, before some justice of the peace or town-clerk, the oath or affirmation of office prescribed by the constitution, which shall, within eight days thereafter, be filed in the office of the town-clerk."

Thus far it would seem plain that the office of a supervisor or town-clerk could not be terminated until his successor subscribed and filed his oath of office, and that when the super-

visor and town-clerk before us supposed that their offices were at an end by their resignations, they were in error.

There are two other provisions, which, it is supposed, have some bearing upon the point we are considering. Sect. 97 (p. 1079) provides that whenever a vacancy occurs in a town office by death, resignation, removal from the town, or other cause, the justices may make an appointment which shall continue during the unexpired term, and until others are elected or appointed in their places. By sect. 100, the justices of the town may, for sufficient cause shown to them, accept the resignation of any town officer, and notice thereof shall immediately be given to the town-clerk.

A similar provision as to the elective officers of a higher grade is found in the statutes. By c. 46, sect. 124 *et seq.* (p. 466), it is provided that resignations of elective offices may be made to the officer authorized to fill the vacancy or to order an election to fill it, and the various events which may cause a vacancy are defined. Governors, judges, clerks of courts, &c., are specifically referred to.

The provision as to these officers and as to the town offices are parts of the same system. The resignations may be made to and accepted by the officers named; but, to become perfect, they depend upon and must be followed by an additional fact; to wit, the appointment of a successor, and his qualification. When it is said in the statute that the resignation may be thus accepted, it is like to the expiration of the term of office. In form the office is thereby ended, but to make it effectual it must be followed by the qualification of a successor.

Sect. 92 (p. 1078) is also referred to: " Town officers, except as otherwise provided, shall hold their offices for one year, and until others are elected or appointed in their places and are qualified." The term " otherwise provided " has reference to the original term fixed by law, and not to resignations or vacancies. Thus, justices hold for four years, supervisors and constables for one year; and should there be created or found to exist a town officer, and no provision be made as to the duration of his office, this section is intended to meet the case by fixing one year as such term. It has nothing to do with the case before us, further than it reiterates the rule

everywhere found in the statutes of Illinois, that such person shall serve not only for one year, but until his successor shall qualify.

*People ex rel. Williamson* v. *McHenry*, 52 N. Y. 374, was the case of a *quo warranto* to test the title to the office of collector of the town of Flatbush, Kings County, N. Y. The defendant was elected such collector on the fifth day of April, 1870. On the fourth day of April, 1871, the relator was elected collector of the same town, but did not take or file an oath of office or execute the bond to the supervisors of the town. The board of supervisors recognized the defendant as the legal collector, and delivered to him the warrant for the collection of the taxes of 1871. To settle the dispute, the relator brought the suit referred to. The attempt of the defendant to sustain himself under an act of the legislature, extending the term of office of the collector of Kings County to three years, failed. The court held the act to be unconstitutional as to existing collectors. The defendant, however, succeeded in retaining the office, and had judgment that he was the legal collector; for the reason, that, although the relator was legally elected, he had failed to take the oath of office. The statute of New York as to town officers was in substance the same as that of the State of Illinois. It was as follows: "Town officers shall hold their offices for one year, and until others are chosen or appointed in their places, and have qualified."

In 6 Bissell, 308, is found the opinion of Judge Blodgett in the case we have before us. He holds that a resignation does not relieve a supervisor or town-clerk from the responsibilities of his office until a successor is appointed. We think such is the law.

In *People* v. *Hopson*, 1 Den. 574, and in *People* v. *Nostrand*, 46 N. Y. 382, it was said, that when a person sets up a title to property by virtue of an office, and comes into court to recover it, he must show an unquestionable right. It is not enough that he is an officer *de facto*, that he merely acts in the office; but he must be an officer *de jure*, and have a right to act. So, we think, where a person being in an office seeks to prevent the performance of its duties to a creditor of the town, by a hasty resignation, he must see that he resigns not only *de facto*, but

*de jure ;* that he resigns his office not only, but that a successor is appointed.    An attempt to create a vacancy at a time when such action is fatal to the creditor will not be helped out by the aid of the courts.                    *Judgment affirmed.*