THE STATE, ALEXANDER BROWN, RELATOR, v. ASSESSORS OF TAXES OF THE CITY OF RAHWAY.

Service of a rule to show cause why a party should not be attached for contempt in not obeying a writ of peremptory *mandamus*, must be proved to have been made upon the party before the rule will be made absolute.

---

On motion to quash a return to a writ of peremptory *mandamus* and to attach the defendants for contempt for disobedience of the commands of the writ.

Argued at June Term, 1890, before Justices REED and GARRISON.

For the rule, *W. P. Wilson.*

*Contra, G. Berry.*

The opinion of the court was delivered by

REED, J. The rules, now the subject of contention, are taken in proceedings to collect a judgment recovered against the city of Rahway.

The litigation, at the earlier stage, was before this court at the February Term, 1889. A motion was made at that term, by the board of assessors of Rahway, to quash the writ of peremptory *mandamus* which had been issued and served upon them, commanding them to assess the judgment mentioned. The determination of the court, in respect to that motion, appears in the case as reported in 22 *Vroom* 279. In the opinion there delivered by Mr. Justice Scudder, the proceedings theretofore had in the cause were stated in full.

The substance of this statement is, that an execution had been issued upon the judgment already mentioned, that there was no municipal property upon which it could be levied, and, therefore, in pursuance of the statute regulating executions against municipal corporations, it was served upon the five assessors of taxes of the city of Rahway.

This service was made on June 6th, 1887. These officers did nothing. On July 19th, 1888, a peremptory writ was issued commanding the assessors to assess the amount of the execution. This writ was served upon five persons, as such assessors, on July 21st, 1888.

At the November Term, 1888, these persons moved to quash the writ. One ground for which motion was stated to be, that at the time of the service upon them it was impossible for them to make an assessment; that the assessment for 1888 had already been completed, and that, under the restrictions of the statute, no levy could be thereafter made during that year. This position of the assessors was found by the court to be well taken. Instead, however, of yielding to the motion to quash the writ, the court, of its own motion, extended the

time for its return until June Term, 1889. This was done for the purpose of securing an assessment of this execution in 1889.

The rule to extend the time for the return of the writ was served upon eight persons, as assessors. These persons did not attempt to make an assessment, but, instead, have made a return to the writ setting up certain facts which they deem sufficient to show that its execution by them was impossible in 1889.

Subsequently a rule was allowed, that these persons should show cause why their answers should not be struck out, and, also, why they should not be attached for contempt.

Evidence was taken to be used upon the argument of this double rule ; the point which the evidence was designed to establish was, that all but one of the persons upon whom the rule to extend the time of return of the peremptory writ was served were not assessors of Rahway. at the time of such service. The writ of *mandamus* was directed to the assessors of Rahway *eo nomine.* There is no objection to this practice, for the direction of a writ to a number of officials having a single duty, by their official title, and not to them by their individual names, is sanctioned by the following cases: *R.* v. *St. Sarrfurs,* 7 *Ad. & E.* 925 ; *Rex* v. *Cambridge,* 3 *Burr.* 1647 ; *Regina* v. *Clitheroe,* 6 *Mod.* 133 ; *Rex* v. *Cambridge,* 4 *Burr.* 2008 ; *County Commissioners* v. *Bellew,* 99 *U. S.* 333.

The writ, therefore, was correctly directed to the assessors of the city of Rahway by this *nomen collectivum.* In making the service of the writ, as well as the service of the rule, to extend the time for its return, the relators selected those persons whom they regarded as holding the official position of assessors. The rule to extend the time for the return of the peremptory writ was served upon Thomas Reynolds, William Jewell, Nathan V. Compton, John E. Lefberry, Alfred B. Cook, Isaac Miller, Benjamin B. Miller and Charles E. Reed. This service was made during the month of May, 1889. The evidence shows that the assessors of the preceding year, 1888, when the *mandamus* originally issued, were Reynolds, Jewell,

Compton, Miller and Reed. Under the provisions of the charter of Rahway, the common council appoints three assessors at large. Besides these three assessors appointed by common council there are also two assessors elected by the people, one from each of the two districts into which the city is divided for that purpose. The first three persons above named were appointed by the council assessors for 1888. The last two named were elected for the year 1888. Now, it appears that before the rule extending the time for the return of the writ was served, there had been an attempt to change the membership of the board of assessors. The common council had appointed successors to the old assessors appointed for 1888. That body, on February 5th, 1889, appointed Lef'berry, Cook and Isaac S. Miller, assessors at large, each of whom, it seems, subsequently took the oath of office and gave an official bond. They then promptly handed in their resignations, which were accepted, as promptly, by the common council. The two members elected for 1888, were re-elected for the year 1889. Of these two, Miller resigned and his resignation was accepted by common council ; Reed alone failed to resign. These facts are set out in the return filed by these officers. They also appear in the testimony, as we have already remarked, taken to support these rules. The question arises, in what position these persons stand, in respect to this double rule, in the light of the testimony so taken. In regard to that part of the rule relative to the striking out of the return so filed, the relators must prevail, for the reasons stated in 22 *Vroom* 279 by Mr. Justice Scudder, " there can be no return to a peremptory writ but a certificate of obedience." As answers, therefore, to the peremptory writ, they must be struck out. In regard to the second part of the rule, namely, that which requires them to show cause why they should not be attached for contempt, the respondents occupy a different position. They were entitled to show any reason why their obedience to the commands of the writ was impossible. As already remarked, the evidence taken is relied upon to support the contention that they, with the exception of Reed,

were not assessors in office at the time when the rule to extend the time of the return was served, and that Reed alone was powerless to act.

If we were at liberty to pass upon the condition of affairs thus presented, we would be confronted by several important questions.

First. Did the resignations of the assessors elected and appointed for 1889 become effective merely upon the acceptance of the same by the common council?

The language of section 33 (*Rev. Sup.*, p. 511) is, "that when any officer in a city holds such office for a fixed term, he shall hold such office and exercise the duties of the same until his successor shall have been appointed and qualified, notwithstanding his term may have expired."

The language of the charter of the city of Rahway is, "that every person who shall be appointed to any office shall continue in office for one year from the commencement of the official term of said office and until his successor is appointed and qualified to succeed him, unless the office to which he may have been appointed shall have been declared vacant, or unless he shall be removed," &c. That such language implies an intent that no vacancy shall occur by resignation alone, but, on the contrary, that the resigning officer shall retain his official character until his successor is appointed and qualified, is the view adopted in the following cases: *Badger* v. *United States*, 93 *U. S.* 599; *Jones* v. *Jefferson*, 66 *Texas* 576; *People* v. *Barnett Township*, 100 *Ill.* 332.

A second question would be this: If the assessors elected for 1889 are still in office, is the board of assessors a body so constituted that the service of the writ upon the assessors of 1888 binds their successors of 1889? If not, then would the service of the rule to extend the time of the return of the peremptory writ, without such service being accompanied by a reservice of the writ itself, bind the assessors of 1889?

*High Ex. Rem.*, § 443.

A third question might arise, namely: If the assessors had otherwise the power to resign, could a fraudulent intention on

their part to evade the process of the court by such resignation be shown for the purpose of annulling the force of such resignation?

See remarks of Mr. Justice Bradley in his opinion in *Thompson* v. *United States,* 103 *U. S.* 480.

I say, if we were at liberty to consider the position of these defendants at this time, these questions would press for solution. But we are not at liberty to pass upon it. No conclusion reached by this court could, in my judgment, bind the defendants, for the reason that, for the purpose of attachment for contempt, they have not been brought into court. The rule is, that upon proceedings of this nature, nothing but a personal monition will avail in bringing a respondent within the jurisdiction of a court for punishment. *Rap. Contempt,* §§ 98, 104.

Now, we must conclude that this rule to show cause why the respondents should not be attached for contempt was served upon none of them. Nothing appears to show such service, and upon the argument it was admitted by the counsel for relators that no such service was made. On the contrary, he claimed that the respondents were in court by virtue of a service upon the attorney of the city of Rahway, acknowledged by said attorney. But the counsel for the municipality, while admitting the service upon him, and that he acknowledged the fact that such service was made upon him, denied that he had any authority to accept service for any of these respondents at the time of the service. It is true that some of these respondents were examined as witnesses in taking the testimony submitted, but they were called by the counsel for the relators. There was nothing to indicate to them for what purpose the testimony was taken, nor does it appear that any of the defendants had even seen a copy of the rule under which it was taken.

As the evidence was taken upon the matters set up in their respective answers, they might have supposed, and probably did suppose, that it was to be used in determining whether their answers should be struck out.

It is clear that no jurisdiction over the respondents for the purpose of attachment exists.

This part of the rule is discharged.