(16 Misc. Rep. 48.)

### WILSON v. BRENTWOOD HOTEL CO.

(Supreme Court, Appellate Term, First Department.   February 26, 1896.)

CORPORATIONS—RESIGNATION OF DIRECTOR—SERVICE OF SUMMONS.

> Service of summons on one who has sent his resignation as director of a corporation to the president is not service on the corporation, though the resignation has not been accepted, and though such resignation reduced the number of directors below the minimum allowed by law.

Appeal from Eighth district court.

Action by William M. Wilson against the Brentwood Hotel Company.   From judgments in favor of plaintiff entered by default, on proof of service of summons on Frederick A. Hart, described as one of the directors of defendant, defendant appeals, under Code, § 3057, on affidavits showing that Hart had resigned as a director before service of the summons; opposing affidavits being presented by plaintiff.   Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Blair & Rudd, for appellant.
Welch & Daniels, for respondent.

DALY, P. J.   It is not questioned that Hart sent his resignation as director to the president of the company, before the summons was served upon him, although it had not been formally accepted. Acceptance was not necessary to make the resignation effective. Chandler v. Hoag, 2 Hun, 613, affirmed 63 N. Y. 624; Smith v. Danzig, 64 How. Prac. 320; Mor. Priv. Corp. § 563.   The fact that the withdrawal of Hart from the company would reduce the number of its directors to less than three, the minimum allowed by law (Business Corporation Law 1892, c. 691, § 2, subd. 7) does not require us to hold the resignation ineffectual as regards the plaintiff or other creditors.   There remained the president upon whom service of process could be made.   The same consideration renders it unnecessary to discuss the charge that the resignation of Clark and another director, Kellam, was intended to defeat the employés of the company in their efforts to recover against it.   If all the directors had resigned with that intention, a question of great interest would be presented, which it is not necessary now to consider. Carnaghan v. Oil Co. (Sup.) 11 N. Y. Supp. 172; Smith v. Danzig, above.

At the time of the service of summons in these actions upon him, Clark notified the person making the service that he had sent in his resignation, and that he doubted whether he was the proper person to be served.   This prompt notification is satisfactory evidence that he had no intention of prejudicing the rights of creditors by his resignation.

The judgments must be reversed.   All concur.