(17 Misc. Rep. 556)

### TIMOLAT v. S. J. HELD CO.

### OAKLAND CHEMICAL CO. v. SAME.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

1. CORPORATIONS—SERVICE OF PROCESS ON DIRECTOR AFTER RESIGNATION.
     Under a by-law providing that a director shall serve "until such time as his successor is chosen" a director, notwithstanding his resignation, continues to be a director, so far as the corporation is concerned, until his successor is chosen; and therefore service on him, during such interval, of process against the corporation, is sufficient.

2. APPEAL—DISCRETIONARY ORDER—REFUSAL TO VACATE SERVICE OF SUMMONS.
     It is discretionary with the trial court to refuse to vacate service of summons on motion.

Appeal from city court of New York, general term.

Actions by James G. Timolat and the Oakland Chemical Company against the S. J. Held Company. From a judgment of the city court (37 N. Y. Supp. 217) affirming orders of the special term denying defendant's motions to vacate and set aside the service of a summons and complaint on S. J. Held on the ground that at the time of the service he was not a director or an officer of defendant, defendant appeals. Dismissed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Isaac Fromme and H. B. Wesselman, for appellant.

Walter R. Beach, for respondents.

DALY, P. J. The summons and complaint were served on November 5, 1895, upon S. J. Held, as director, secretary, and treasurer

of the company; but defendant claims that he resigned those offices on October 15, 1895. The by-laws of the company provide that the board of directors shall be three, who shall be elected annually on July 16th, and shall serve for one year, "and until such time as successors are chosen," and that any vacancy in the board, or among the officers of the company, caused by death, resignation, or otherwise, shall be filled by the remaining directors for the balance of the year, and until the next annual election. It is undisputed that no successor was chosen for S. J. Held, as director, secretary, or treasurer, when his resignation was received; and he was therefore, under the by-laws, serving as such director at the time of the receipt of the summons and complaint by him, and service of the papers upon him was regular. There is no question here of the personal liability of the resigning director to the creditors of the company, but only a question between such creditors and the company, under its own by-laws, and for its own neglect to terminate its official relations with the director, by electing his successor. When, by its by-law, it declares that he shall serve until his successor is chosen, it constitutes him its officer until that event, with the same effect, so far as the corporation is concerned, as if he were serving in the term for which he was elected, and had not resigned. It was in the power of the company to terminate his agency at any time by electing a successor, and, if it chose rather to continue such agency, he must be treated, in actions against the company, as its duly-constituted officer. A by-law of a corporation has all the force of a statute, and is as binding upon the company and its members as any public law of the state. Thomp. Corp. 939; Kent v. Mining Co., 78 N. Y. 159–179; Brick Presbyterian Church v. Mayor, etc., of New York, 5 Cow. 538. Where a public statute declared that certain town officers should hold their offices for one year, and until their successors were elected and qualified, it was held that process was regularly served upon such officers who had previously resigned, and for whom no successors had been chosen. Badger v. U. S., 93 U. S. 599. Service upon S. J. Held was therefore regular. He was a director, by virtue of the law of the company, notwithstanding his resignation, as his successor had not been chosen, and service upon a director was service upon the corporation. Code, § 431.

The objection of respondents that the order is not appealable to the appellate term is well taken. Had judgment been entered upon such service, and a motion made thereafter to vacate it for want of service upon the corporation, we should not have reviewed the determination of the city court upon such motion; for it is in the discretion of the court to vacate, upon motion, a judgment regularly entered. Jackson v. Brunor (Appellate Term, First Dept., June, 1896) 39 N. Y. Supp. 1080. It rests equally within the discretion of the trial court to entertain a motion to vacate the service of summons. If the service were not made upon an officer of the corporation, as directed by the Code, the judgment would not bind the corporation; and whenever its enforcement were attempted the want of jurisdiction could be shown. In this case the service was regular, but if it were not the order would not be appealable. The case of Wilson v.

Hotel Co., 16 Misc. Rep. 48, 37 N. Y. Supp. 655, in which we reviewed a judgment entered upon alleged irregular service, was an appeal from a district court, and with such judgments we have the power of the former general terms. In appeals from the city court our jurisdiction is similar to that of the court of appeals, and we cannot review the discretion exercised in making the order appealed from.

Appeal dismissed, with costs and disbursements. All concur.