BALL v. WARRINGTON.

(Circuit Court, E. D. Pennsylvania. May 7, 1898.)

1. PLEADING—AFFIDAVIT OF DEFENSE—CONCLUSIONS OF LAW.
   In an affidavit of defense to an action on a judgment, an allegation that such judgment "was fraudulently and collusively obtained by the said plaintiff" is too general to be of any weight, in the absence of any allegations of fact to base it on.

2. SAME—RES JUDICATA.
   In an action on a judgment, an affidavit of defense averring that the cause of action on which the judgment was founded was fraudulent, and that plaintiff had knowledge thereof, is conclusively refuted by an amendment to plaintiff's pleading alleging a judgment affirming the judgment sued on.

3. PLEADING—AMENDMENTS—AFFIDAVIT OF DEFENSE—MOTION FOR JUDGMENT.
   In a suit in Pennsylvania by a judgment creditor of a Kansas corporation to enforce a stockholder's liability, where the affidavit of defense alleged that plaintiff's judgment was fraudulent, irregular, and void, held, that a delay of nearly five years in moving for judgment for want of a sufficient affidavit of defense was justified by the pendency of a decision of the supreme court of Kansas, whereby said judgment was at length declared valid; and, such decision being set up in an amended claim, held, further, that plaintiff was entitled to judgment on his motion unless the affidavit were amended within a specified time.

4. SERVICE OF PROCESS—CORPORATIONS.
   Under the Kansas statute providing that a summons against a corporation may be served on "the president * * * or other chief officer," a service on the vice president is sufficient.

This was an action by William E. Ball, a citizen of Kansas, against Anna M. Warrington, a citizen of Pennsylvania, to enforce an alleged liability of defendant as a stockholder in a Kansas corporation.

S. Morris Waln and A. U. Barnard, for plaintiff.
E. Spencer Miller and Charles F. Warwick, for defendant.

DALLAS, Circuit Judge. This is an action brought to enforce an alleged liability of the defendant as a stockholder in a corporation

of the state of Kansas, under certain constitutional and statutory provisions of that state. The plaintiff alleges that he has obtained a judgment against the corporation in question in a Kansas court, upon which execution has been issued and returned unsatisfied. Upon May 1, 1893, an affidavit of defense was filed, wherein it was averred that the judgment above referred to was rendered in a suit in which the service of process for appearance had not been lawful, and also that the instrument of writing upon which that judgment was founded "was a fraud against the same [the corporation] and the stockholders thereof," and that "plaintiff in the present action knew of all the facts constituting the said fraud," etc. To this there was added the averment that "the judgment recovered in the said district court of the Ninth judicial district of the state of Kansas was fraudulently and collusively obtained by the said plaintiff," but to this general statement no weight can be attached. Except as it may be regarded as having reference to the more particular allegation of fraud which precedes, but does not support it, it fails to point out—explicitly or otherwise—the facts constituting the fraud and collusion intended to be alleged. Kneedler v. Woodruff, 1 Wkly. Notes Cas. 42; Ephraim v. Pollock, Id. 102; Starr v. Phillips, Id. 471. On October 17, 1893, a plea was filed, and a rule to take depositions on behalf of the plaintiff was entered. Nothing further was done until March 8, 1898, when the plaintiff, by leave of court, filed an amended statement. The order permitting this amendment gave the defendant 15 days in which to file a further affidavit of defense; reserving to her, however, the right to insist that she could not lawfully be required to file any other or further affidavit of defense, and none has in fact been filed. Under these circumstances, the plaintiff now moves for judgment for want of a sufficient affidavit of defense.

The amended statement of claim does not change the plaintiff's cause of action as originally presented. It adds nothing, in substance, but an allegation that since the original statement was filed the court of last resort of the state of Kansas has decided that the judgment in question was regular and valid. The effect of the amendment, therefore, is merely to bring to the actual knowledge of this court a decision which, in my opinion, should be judicially noticed; and I see no reason why this may not be done upon the present motion as well as upon a trial of the case. The delay which has occurred in making the motion does not preclude the court from entertaining it. It was postponed—properly, I think—to await the rendition of the judgment of the Kansas court already mentioned. Jones v. Gordon (Pa. Sup.) 16 Atl. 862; Wetherill v. Stillman, 65 Pa. St. 105. In the case first cited it appears from the record, though not from the report, that a plea had been filed; and in the other, although there had been a discharge or withdrawal of a previous rule for judgment, and plea pleaded, a judgment for want of a sufficient affidavit of defense was entered nearly two years after the action had been commenced. In view of what has been said, the affidavit of defense in this case is clearly insufficient. The judgment set out in the amended claim completely and conclusively refutes it. But, as plaintiff's counsel concede that defendant should be afforded further opportunity to

file an additional affidavit, sufficient time for that purpose will be allowed, in accordance with the practice approved by the supreme court of Pennsylvania in Jones v. Gordon, supra. It was there said:

"The act of 1887 authorizes the service of a copy of plaintiff's claim on the defendant, and requires him to answer under oath. Amendments are liberally allowed in our practice. Where an amended statement has been filed with leave of the court, it is competent for the court to make such order for personal service thereof, and for the defendant's reply, as the justice of the case may require. The plain purpose of the act of assembly is to reach the real point in dispute by the most direct road, and in the most expeditious manner consistent with a due regard to the rights of the parties. We see no objection to such a construction as shall secure this purpose, and we accordingly hold that the court allowing an amendment in the statement may provide by rule or order for its actual service, and for judgment for want of a reply within such reasonable time as it may fix."

The defendant is allowed 15 days in which to file an additional affidavit of defense, and, in default thereof, judgment for the plaintiff and against the defendant for want of a sufficient affidavit of defense may be entered.

(June 24, 1898.)

The affidavit filed on May 1, 1893, set up as a defense that the Kansas judgment which is the basis of the present suit was founded upon a fraudulent claim, not that the court by which that judgment was entered had been fraudulently misled. Consequently, the fraud alleged being one which was triable by that court and in that proceeding, I held that the subsequent decision of the court of last resort of the state of Kansas that the judgment here attacked was regular and valid completely refuted the assertion of its invalidity. Two additional affidavits of defense have since been filed, and their sufficiency is contended for on grounds which are well stated and ably argued in the briefs submitted on behalf of the defendant.

The objection that the summons was not served in accordance with the law of Kansas is, in my opinion, not well taken. The statute of that state provides that "a summons against a corporation may be served upon the president, * * * or other chief officer." Gen. St. 1868, c. 80, § 68. In the instance in question the return is, "Delivered a copy to John Reese, vice president." I think that in general the vice president of such a corporation is to be regarded as one of its chief officers, and I do not perceive that section 129 of chapter 23 of the General Statutes of Kansas of 1868 varies this general rule. It provides that the directors shall designate a president and a secretary, but it does not prohibit the corporation from also having a vice president. Moreover, I deem it proper to follow the decision of the Kansas court, by which it was said, "The service of summons in the case is regular, and as required by law." This, it is true, was said by the court of first instance; but the court of review, in remanding the cause, also held that "the judgment was valid," and, without so holding, it could not have disposed of the case as it did.

I am not convinced by the further argument which has been addressed to me, that the alleged fraudulent character of the original cause of action may be interposed in this proceeding. The cases cited in support of that proposition do not, in my opinion, sustain it.

Schrader v. Bank, 133 U. S. 67, 10 Sup. Ct. 238, is plainly distinguishable from the present case. If it could be given the effect now sought to be ascribed to it, it would, I think, conflict with the law as generally laid down, and especially by the courts of Kansas, in cases which are cited 'upon the plaintiff's brief, but which need not be here mentioned. Schrader v. Bank was in several respects essentially different from the present case. It arose under the statute relating to national banks, and the decision was put mainly upon the ground that under that statute the individual liability which it imposes upon stockholders is restricted to such contracts, debts, and engagements as had been duly contracted in the ordinary course of its business, and that when the bank went into liquidation there was no authority on the part of its officers to transact any business in the name of the bank, so as to bind its shareholders, except that which is implied under the duty of liquidation. That case is clearly without pertinency to this one. The plaintiff's rule for judgment for want of a sufficient affidavit of defense is made absolute.