66  251
68  391

THE COLORADO DEBENTURE CORPORATION v. THE
LOMBARD INVESTMENT COMPANY.

No. 12,817.   (71 Pac. 584.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Service of Summons on Corporation.* A recital in a sheriff's return of summons that the president or other chief officer of a corporation is not found sufficiently shows inability to find the chief officer to authorize service on an inferior officer.

2. ——— *Service on "Assistant Secretary."* Where the by-laws of a Kansas corporation provide for an officer called an "assistant

secretary," whose duties make him, in effect, secretary of the corporation for this state, service of summons on him is sufficient to bring the corporation into court.

3. ———— *Service on Officer who has Resigned.* Where the by-laws of a corporation provide that an officer shall hold office until his successor is elected and qualified, service may be had on an officer who has resigned, when the corporation has failed to elect a successor.

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed February 7, 1903. Reversed.

*Stebbins & Evans,* and *Frank Nighswonger,* for plaintiff in error.

*Thomas B. Wall, James V. Daugherty,* and *James H. Stewart,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: On July 27, 1900, the Colorado Debenture Corporation filed a petition in the district court of Sedgwick county against the Lombard Investment Company, a Kansas corporation. A summons was issued and returned, the return showing service by the delivery of a copy to J. H. Stewart, the assistant secretary of the defendant company. The defendant appeared specially and moved to set aside the service. The motion was heard on an agreed statement of facts and certain written evidence.

The agreed statement showed that the defendant was a Kansas corporation; that for several years prior to August, 1890, it was engaged extensively in business in Kansas, with its chief officer in Kansas City, Mo.; that its by-laws provided for an officer called "secretary," and also for an officer called "assistant secretary"; that among the duties of the latter were keeping a record of the earnings of the company, making the annual statement to the secre-

tary of state required by statute, and having charge
of the Wichita office; that the by-laws also provided
that the officers should hold their respective offices
for the period of one year from the date of their elec-
tion, or until their successors should be elected and
qualified; that on September 7, 1893, J. H. Stewart
was elected assistant secretary; that at a directors'
meeting on December 6, 1897, all the officers, except
the president and four directors, resigned, and orders
were made accepting their resignations to take effect
at the close of the meeting; that the president was
then, and has ever since been, a resident of New York;
that the person who had held the office of secretary
was then, and has ever since been, a resident of Chi-
cago; that no meeting of the directors has been held
since.   The evidence showed that the charter named,
as the places where the business of the company was
to be transacted, Wichita, Boston, Creston, Iowa, and
Lincoln, Neb.   The district court sustained the mo-
tion.   The plaintiff now seeks the reversal of this
order.

The first objection made to the service is that the
sheriff's return did not sufficiently show that the chief
officer of the defendant corporation could not be found
in the county.   The district court, however, held that
this contention was not sound, placing the order set-
ting aside the service upon other grounds.   We agree
in this with the trial court.   The statute authorizes a
service on an inferior officer, "if its chief officer is not
found in the county."   (Civil Code, § 68; Gen. Stat.
1901, § 4498.)   The language of the return in this re-
spect was: "The president  .  .  .  and chief offi-
cers of said company not being found in my county."
This is a sufficient recital to show inability to find the
chief officer.   (*Cincinnati Hotel Co. v. Central Trust*

*and Safe Deposit Co.*, 11 Ohio Dec. (reprint) 255; *Crowley, Cook & Co. v. Sumner*, 97 Ill. App. 301; *The Western Union Tel. Co. v. Lindley*, 62 Ind. 371; *Electric Co. v. Manufacturing Co.*, 111 Ill. 309.)

The next contention of defendant is 'that service cannot be made on an ''assistant secretary'' ih any event. We hold that, under the circumstances of this case, service on the assistant secretary of the corporation is sufficient. In the syllabus and opinion in *Railway Co. v. Stone*, 60 Kan. 57, 55 Pac. 346, it was said that such service is good. The statute does not in terms authorize a service on a vice-president, nor does it expressly provide for such an office, yet a service on a vice-president has been held sufficient— in some cases even without a showing that the president could not be found. (*Ball v. Warrington*, 87 Fed. 695; *Pond v. Mortgage Co.*, 6 Kan. App. 718, 50 Pac. 973, and cases cited.) In the case of *Pond v. Mortgage Co.*, supra, a petition to certify to this court was denied.

The assistant secretary in the case at bar was not a mere deputy. He was an officer provided for by the by-laws of the corporation, with independent duties, which included the management of the office of the company at Wichita, its only place of business within this state. He was, in effect, the secretary of the corporation for Kansas, the state under whose laws it was created.

A more difficult question arises upon the third objection to the service—that it was void for the reason that J. H. Stewart, the assistant secretary, had resigned from that office, and his resignation had been accepted prior to the attempted service. There was an attempt to prove that the resignation was for the very purpose of avoiding service. We cannot say,

however, that the evidence established this. It has been held that, where the statute provides that the officers of a municipal corporation shall hold their offices until their successors are elected and qualified, the municipality cannot avoid service of process by the resignation of its officers, where no successors are chosen, and that under such circumstances service may be had on the officer who has resigned, notwithstanding the formal acceptance of his resignation. (*Badger et al. v. U. S., ex rel. Bolles*, 93 U. S. 599, 23 L. Ed. 991.) Plaintiff in error seeks to apply the same principle to this private corporation on the ground that the by-laws of its own adoption, providing that its officers shall hold until their successors are elected and qualified, have, as to persons dealing with it, the force of law.

The principle was so applied in *Timolet v. S. J. Held Co.*, 40 N. Y. Supp. 692, 17 Misc. Rep. 556. The statute there involved authorized service on a director. S. J. Held had been a director in the defendant corporation, but he resigned before service. The court upheld the service, saying :

"There is no question here of the personal liability of the resigning director to the creditors of the company, but only a question between such creditors and the company, under its own by-laws, and for its own neglect to terminate its official relations with the director, by electing his successor. When, by its by-law, it declares that he shall serve until his successor is chosen, it constitutes him its officer until that event, with the same effect, so far as the corporation is concerned, as if he were serving in the term for which he was elected, and had not resigned. It was in the power of the company to terminate his agency at any time by electing a successor, and, if it chose rather to continue such agency, he must be treated, in actions against the company, as its duly constituted officer.

A by-law of a corporation has all the force of a statute, and is as binding upon the company and its members as any public law of the state. . . . He was a director, by virtue of the law of the company, notwithstanding his resignation, as his successor had not been chosen, and service upon a director was service upon the corporation."

We are satisfied with this reasoning, and hold that the service on J. H. Stewart was sufficient.

The judgment of the district court is reversed, and the cause remanded with directions to overrule the motion to set aside the service of summons.

All the Justices concurring.