## TOWN OF NOME v. RICE.

(Second Division. Nome. November 21, 1908.)

No. ——.

1. MANDAMUS (§ 81\*)—OFFICERS OF MUNICIPAL CORPORATIONS—RES-
IGNATION—EFFECT.

The defendant was elected to the common council.in the town
of Nome, accepted, took the oath of office, and entered upon his
duties. Thereafter he presented his written resignation of such
office to the town clerk, and it was read to the council, but not
accepted. Thereafter he refused to attend the meetings of the
council or discharge any further the duties of the office. The
town applied for mandamus to compel him to attend the meetings
of the council and perform his duties. *Held*, that the statutes
of Alaska do not provide for the resignation of councilmen, nor
for elections to fill vacancies; that, having accepted the office,
defendant is bound to attend and perform his duties; and man-
damus issued to compel him to discharge his duties.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 81.\*]

2. OFFICERS (§ 62\*)—RESIGNATION.

A resignation of an officer implies (1) an expression by the in-
cumbent in some form, express or by implication, of his inten-
tion to surrender, renounce, or relinquish his office, and (2) an
acceptance by competent and lawful authority.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 92, 93;
Dec. Dig. § 62.\*]

3. OFFICERS (§ 62\*)—RESIGNATION—REQUISITES.

The general rule is that, to make a resignation by an officer
effective, in the absence of express statutory enactment touch-
ing the matter, a resignation should be tendered to the appoint-
ing power, but, if the office is elective, to the power authorized
to call an election to fill the vacancy.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 92, 93;
Dec. Dig. § 62.\*]

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

4. MANDAMUS (§ 66*)—MUNICIPAL CORPORATIONS—OFFICERS.

One of the most common uses of the writ of mandamus is to require officers to discharge their duties as such. An incorporated town in Alaska may by mandamus compel a member of the common council to attend and perform his duties as such.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 131; Dec. Dig. § 66.*]

Order to show cause why a writ of peremptory mandamus should not issue to the defendant, directing and commanding him to attend all meetings of the common council of the town of Nome in his capacity as a member of said council, and to faithfully exercise and discharge the functions of his said office until his successor shall be elected and qualified. Hearing had before the court upon the petition of plaintiff for the writ and the answer of defendant thereto.

The plaintiff, the town of Nome, is a municipal corporation organized under the laws of Congress applicable to the district of Alaska. The defendant, Charles F. Rice, was elected a member of the common council of said town on the 7th day of April, 1908. On the 23d day of April, 1908, he accepted said office of common councilman, and, having filed his oath of office with the clerk of the common council, pursuant to law, he then entered upon the discharge of his official duties. He subsequently placed his written resignation in the hands of the clerk of said town, and it was presented to said council and read to that body. It does not appear that the council signified their acceptance of the resignation, either at the time of its tender to them or at any subsequent date. The defendant served as councilman from April 23, 1908, until the 27th day of July, 1908, when he refused to discharge any of the duties of said office. He thenceforward refused to attend any of the meetings of the common council up to the date of the plaintiff's instituting this action to compel his services, avowing

his intention not to attend any of the meetings of the council, nor in any other way to discharge the duties and functions of his office. The facts appearing in the foregoing statement are derived from the petition and are admitted by the defendant in his answer.

The allegation of the complaint that the defendant remained a member of the common council from April 23, 1908, continuously thereafter, until the commencement of the action, is controverted by the defendant's answer. The defendant also denies the allegation that the plaintiff has no plain. speedy, and adequate remedy in the ordinary course of law.

John Rustgard, for plaintiff.

W. A. Gilmore and O. D. Cochran, for defendant.

MOORE, District Judge. The first question raised by these issues is: Was the defendant still a member of the common council at the commencement of this action? The answer to that question depends on whether the tender by defendant of his resignation to the common council of the town without action thereon by the council operated to sever his connection with the council and to create a vacancy in the office.

A resignation of an office implies (1) an expression by the incumbent in some form, express or by implication, of his intention to surrender, renounce, or relinquish his office, and (2) an acceptance by competent and lawful authority.

The general rule is that, to make a resignation by an officer effective, in the absence of an express statutory enactment touching the matter, a resignation should be tendered to the appointing power, but, if the office is elective, to the power authorized to call an election to fill the vacancy. Throop on Public Officers, § 408; Vaughn v. School District, 27 Or. 57, 39 Pac. 393; State v. Brown, 12 Ohio St. 614.

If the defendant were a member of the common council by the appointment of that body, then the municipal corporation,.

represented by the council, would have at common law the incidental power to accept the resignation tendered it. 23 Ency. of Law, 422. But the office of town councilman is an elective one, and I fail to find any provision, in the laws of Congress enacted for Alaska, which grants to the common council of incorporated towns the power, either to accept the resignation of a member of the body, or to order any election other than the regular annual election to fill vacancies in the board annually accruing in April by reason of the expiration of the stated term of service of the members.

Granting, however, that the council had the power to accept the resignation of the defendant, in the absence of the power to appoint a councilman, it would still be necessary, in order to complete the resignation, that the corporation, by its agents, the council, should manifest its acceptance, either by a formal declaration to that effect, or by the appointment of a successor. This proposition is upheld by the following line of cases, some of them of binding authority in this court: Badger v. United States, 93 U. S. 599, 23 L. Ed. 991; Edwards v. United States, 103 U. S. 471, 26 L. Ed. 314; Thompson v. United States, 103 U. S. 480, 26 L. Ed. 521; State v. Clayton, 27 Kan. 442, 41 Am. Rep. 418; People v. Williams, 145 Ill. 573, 33 N. E. 849, 24 L. R. A. 492, 36 Am. St. Rep. 514; Attorney General v. Taggart, 66 N. H. 362, 29 Atl. 1027, 25 L. R. A. 613; Keen v. Featherston, 29 Tex. Civ. App. 563, 69 S. W. 983.

The act of Congress, entitled "An act to amend and codify the laws relating to municipal corporations in the district of Alaska" (Act April 28, 1904, c. 1778, 33 Stat. 529), which became a law on April 28, 1904, by section 3 thereof, prescribes that:

"The members of the common council shall hold their office for the term of one year and until their successors are elected and qualified."

The facts in the first-named case above (Badger v. United States) were, in brief, these: The supervisor, town clerk, and

justices of the peace of the town of Amboy, Ill., constituted: a board of auditors, whose duty it was to meet at two stated times in each year to examine and audit town accounts. The number of justices of the peace of said town holding office on August 29, 1874, was four, and on that day the supervisor and two of the justices resigned their respective offices. On the 31st of the same month the town clerk resigned, leaving the board of auditors with but two members to transact the business of the board—an insufficient number to constitute a legal quorum for the transaction of business. The relators in that case had in the month of May previous recovered two judgments against the town of Amboy, and on August 29th presented to said board a sworn statement that the judgments were just and unpaid, and should be audited and allowed. The laws of the state of Illinois provided that all town officers should serve for the period of one year and until their successors should be qualified.

The Supreme Court, on the basis of these recited facts, decided that, although the officers' resignation had been tendered to and accepted by the proper authority, they continued in office and were not relieved from their duties and responsibilities as members of the board of auditors until their successors, duly appointed or chosen, had been qualified.

The case of Edwards v. United States, supra, went to the Supreme Court of the United States from the United States Circuit Court for the Western District of Michigan. The petition for the mandamus in the lower court sought to compel a township supervisor to do an act imposed upon him by the laws of Michigan. He made return to the alternative mandamus that he had tendered his written resignation to the board of supervisors by delivering it to the township clerk, who had filed the same, and that since the delivery of his resignation to the town clerk he had not been supervisor, had not acted as such, and had not been in charge of the records of the

office. To the return the relator demurred. The demurrer was sustained by the lower court, and the Supreme Court affirmed the judgment. It does not appear that the resignation was ever acted upon by the board. The court, by Bradley, Associate Justice, vindicates the principle of the common law that, after an office has been conferred and assumed, it cannot be laid down without the consent of the appointing power. It also approves the reason which gives to the principle its life and vigor, in these words:

"This was required in order that the public interests might suffer no inconvenience for the want of public servants."

The court then, after an examination of the statutes of Michigan, arrives at this conclusion from their provisions:

"Here is manifested the same desire to prevent a hiatus in the offices. There is nothing in the spirit of this legislation to indicate that the common-law rule is discarded in Michigan."

The court finds in the laws of Michigan "no declaration as to when a resignation shall become complete," and adds:

"This is left to be determined upon general principles. And in view of the manifest spirit and intent of the laws above cited, it seems to us apparent that the common-law requirement—namely, that a resignation must be accepted before it can be regarded as complete—was not intended to be abrogated."

A mandamus was applied for in People ex rel. German Ins. Co. v. Williams, supra, to require an officer-elect to discharge the duties attached to the office. Upon common-law principles the court decided that a person elected to office owes a duty to the public to qualify himself therefor and to enter upon the discharge of his duties. The court relies upon the authority of Edwards v. United States and Badger v. United States, supra, among the numerous other leading authorities cited. The court further states:

."The duty to serve is a public one, commanded by public law."

This able and convincing decision rests almost wholly on common-law principles, and a peremptory mandamus was awarded.

In State v. Clayton, 27 Kan. 442, 41 Am. Rep. 420, supra, an action to determine which of two persons contesting for the office of probate judge, the court, by Brewer, Justice, in discussing the right of Probate Judge Chapman, who attempted to resign the office, reviews the common law upon the subject. Section 12 of article 3 of the Constitution of the state of Kansas reads:

"All judicial officers shall hold their offices until their successors shall have qualified."

The court announced as the law governing the facts, in view of this constitutional provision:

"That a party who has once accepted an office and entered on its duties has not the absolute right at his own pleasure to abandon its duties; that the public are interested, as well as the individual incumbent; that the public have the right to command the services of any citizen in any official position which they may designate; and that acceptance, or something equivalent thereto, is necessary to perfect a resignation."

Bernard v. Taggart, supra, originated in the refusal of the President of the Senate of New Hampshire to assume the office of Governor in an emergency; the Governor being disabled temporarily from performing the duties of the office. The Attorney General applied for a mandamus to compel the defendant to assume the office. The mandamus was awarded, and justified on the ground that the state's right to the executive service of the President of the Senate is no less enforceable than its right to the judicial service of a juror.

In Keen v. Featherston, supra, in construing section 17, art. 16, of the Constitution of Texas, which is in these words:

"All officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified"

—the court pronounced it to be, not merely directory, but mandatory. The court said:

"It [the section] does not say, nor does it mean, that officers may perform the duties of their offices until their successors are qualified, but that they shall do it. Such is the contract between them and the state when they take their offices."

The Court of Civil Appeals quotes approvingly the language of Justice Stephens in McGhee v. Dickey, 4 Tex. Civ. App. 104, 23 S. W. 404, in construing this provision of the Texas Constitution:

"The public necessity for continuity of official tenure is not left to the caprice of the officeholder. The contract for public service imposes a mutual obligation upon the officer and the public, which cannot arbitrarily be dispensed with by either party."

Citing Mechem on Pub. Officers, 414, 19 Am. Ency. of Law, 562, Badger v. U. S., Edwards v. U. S., Thompson v. U. S., and State v. Clayton, supra, besides other cases.

It is to be observed that all these cited cases hold as principles of common law: (1) That an office holder cannot at his own will, without respect to the public convenience and public interest, cast aside his responsibilities and duties; (2) that resignation of office is not complete until accepted by lawful authority, or until the incumbent is relieved by the qualification of his successor. So, also, do some of these decisions serve the other purpose of construing express provisions in Constitutions or statutes of states expressed in the language of our own section 3 of the act of 1904 above recited. These latter decisions decide that these provisions are simply declaratory of what was and is common law. In other words, the statutory law, which says that the office holder shall serve until his successor is qualified, is shown to be in accord with the common law.

Another question only remains to be considered: Is the plaintiff entitled to the writ of peremptory mandamus, for

3 A.R.—39

which it appeals to the court? One of the most common uses of·the writ is to require officers to discharge their duties as such. The duty of the defendant is plainly expressed in the statutory command that "members of the common council shall hold their office for the term of one year and until their successors are elected and qualified." His neglect to discharge that duty is a fact equally plain and certain, and it is for him, now that the public, whose faithful servant he bound himself to be, call him back to their service, to respond to their summons.

To the end that he shall do so, the writ of peremptory mandamus is now awarded.