### ROSS v. WESTERN LAND & IRRIGATION CO. et al.

(District Court, S. D. Iowa, C. D. May 20, 1915.)

CORPORATIONS ☞507—OFFICERS—SERVICE OF PROCESS.

An officer of a corporation, elected under by-laws providing that he shall hold office for one year and until his successor is elected and qualified, remains an officer on whom service of process against the corporation may be had, though he has tendered his resignation, which has not been acted on by the corporation, directors, or stockholders.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1971–1974, 1976–2000; Dec. Dig. ☞507.]

At Law. Action by George A. Ross against the Western Land & Irrigation Company and another. On motion to quash service of summons and dismiss. Overruled.

Strock & Wallace, of Des Moines, Iowa, for plaintiff.
Clark, Byers & Hutchinson, of Des Moines, Iowa, for defendants.

WADE, District Judge. In this action, the principal defendant, a Wyoming corporation, was served with original notice or summons by service upon W. H. Harwood, designated in the return of the officer as secretary of said company. Service was made in the city of Des Moines, Iowa, where the company prior to March, 1913, had an office and transacted most of its business; substantially all its officers residing in the city of Des Moines. Defendant files a motion to quash and dismiss, supported by affidavits, claiming that at the time of said service the said W. H. Harwood was not the secretary of the corporation.

It appears without dispute that Harwood was elected secretary of the corporation September 11, 1912; the records of the corporation showing:

"On motion made and carried, W. H. Harwood was elected secretary-treasurer for the ensuing year and until his successor is elected and qualified."

The by-laws of the corporation expressly provide that the officers shall be elected "for one year, and until their successors are elected and qualified." There is no record showing that the secretary ever resigned, no record showing that any resignation was ever presented to the directors, and no claim that any one was elected as his successor.

It appears that in March, 1913, the corporation made a deal with parties in Chicago, by which they agreed to transfer all properties of the corporation, together with the stock of the corporation, and it was contemplated that, when the transfer was fully executed, the Chicago parties should be substituted as stockholders and officers of the corporation. The contract was made and placed in escrow, covering the details of the transaction, and at a meeting of the stockholders some of the directors resigned, and persons representing the Chicago parties were elected in their place, and one of them was elected president.

It is claimed that the resignation of the directors, and the election of the directors and president, were conditional only, and made in contemplation of the final execution of the contract between the parties, which contract is still unexecuted. As to this, it is not necessary to consider it, in the view I take of the transaction, relating to the alleged resignation of the secretary. The resignation of the secretary, as testified by Hamberg, with whom the Chicago deal was made, is expressed as follows in his deposition taken for use upon this motion:

"I remember one. I remember also that Mr. Harwood had his resignation, and I begged him at present to keep it; and afterwards I got a letter from Harwood wherein some deal he was making on this land, and told him to go ahead and sign it as secretary, and he wrote me back that he refused to do that—that he had no stock and did not consider himself secretary any way. If he could help me out in any way, but he could not sign any papers. That letter I have got, but I haven't been able to find it."

Affidavits are filed by Harwood, showing that he had tendered his resignation, and to the effect that he had refused to further serve. Accepting what is presented in his affidavit and in the testimony of Mr.

Hamberg as true, I hold that he was still secretary of the corporation so far as this plaintiff was concerned, for the purpose of service at the time the original notice was served upon him.

Where an officer of a corporation is elected under by-laws providing that he shall serve until his successor is elected and qualified, I hold that, so far as the public is concerned, a resignation tendered before the election of his successor, and not acted upon by the corporation, its stockholders, or board of directors, has no effect. The public has the right to treat him as an officer of the corporation. This is certainly true for the purpose of service upon the corporation, and may be true for many other purposes.

In the case of Evarts v. Killingworth Mfg. Co., 20 Conn. 447, the defendant corporation, established for manufacturing purposes, passed a by-law providing that a president, secretary, and treasurer should be chosen annually, and should hold their offices until others should be chosen in their stead. The corporation carried on its business in the town of K. for some time, when, being unsuccessful, it disposed of all its property and closed its business, without the intention of resuming it, except for the purpose of collecting and paying out moneys, and holding a meeting of the stockholders. At a meeting subsequently held, all of the stockholders transferred their shares of stock to G., and all the officers, including N., the secretary, resigned their offices, which resignations were accepted. A writ against such corporation was soon afterwards served on N., the secretary. The court held the service valid, and that it had jurisdiction of the defendant corporation. It said it was impossible to allow such acts to possess any efficacy whatever. If such a flimsy device were to receive the sanction of the court, it would be lending aid to insolvent corporations to secrete their effects from creditors. The court further said that, however effectual the resignation might have been between N. and the company, it was ineffectual as against third persons to their prejudice. By being incorporated, the defendants had assumed an artificial existence, which continued until legally dissolved; and if they cannot dissolve themselves directly, they cannot do so indirectly, by accepting the resignation of all its officers and living representatives, and refusing to appoint others, thus reducing itself to a mere impalpability and creature of the imagination.

The following is the holding of the court in the case of Colorado Corp. v. Lombard, 66 Kan. 251, 71 Pac. 584, 97 Am. St. Rep. 373:

Where the by-laws provide that an officer shall continue to hold office until his successor is elected and qualifies, an officer does not cease to be an officer by a mere resignation, and hence service of process may still be made upon him as such officer.

The rule in New York is that, for the purpose of service of process, an officer's resignation is not effective until a successor is appointed. Yorkville Bank v. Zeltner Brewing Co., 80 App. Div. 578, 8 N. Y. Supp. 839; Sturgis v. Crescent Jute Mfg. Co., 57 Hun, 587, 10 N. Y. Supp. 470; Noble v. Euler, 20 App. Div. 548, 47 N. Y. Supp. 302; Wilson v. Brentwood Hotel Co., 16 Misc. Rep. 48, 37 N. Y. Supp. 655; Carnaghan v. Exporters' Oil Co., 57 Hun, 588, 11 N. Y. Supp.

172; Timolat v. Held & Co., 17 Misc. Rep. 556, 40 N. Y. Supp. 692. In the last case above cited the court said:

"There is no question here of personal liability of the resigning director to the creditors of the company, but only a question between such creditors and the company, under its own by-laws, and for its own neglect to terminate its official relations with the director by electing his successor. When, by its by-law, it declares that he shall serve until his successor is chosen, it constitutes him its officer until that event, with the same effect, so far as the corporation is concerned, as if he were serving in the term for which he was elected and had not resigned. It was in the power of the company to terminate his agency at any time by electing a successor, and if it chose rather to continue such agency, he must be treated, in actions against the company, as its duly constituted officer."

Under similar circumstances service may be had on an officer of a municipal corporation who has resigned, notwithstanding the fact that there has been a formal acceptance of his resignation by the municipality. So held in Badger v. United States, 93 U. S. 599, 23 L. Ed. 991. Quoting from 1 Morawetz on Corporations, § 563:

"It seems clear that directors cannot terminate their agency, or accept the resignation of others, if the immediate consequence would be to leave the interests of the company without proper care and protection."

In the case of Venner v. Denver Union Water Co., 40 Colo. 212, on page 225, 90 Pac. 623, on page 627 (122 Am. St. Rep. 1036), the court said:

"Whether or not a director or other officer of a corporation has resigned is a question of fact, to be determined from the circumstances of each case, and which, to some extent, it appears, may depend upon the parties who raise the question. In the present case Mr. Sullivan tendered his resignation to the proper authorities, but it was never acted upon. He continued in the control of the affairs of the company the same as though his resignation had never been offered. * * * The parties who commenced the foreclosure suits * * * had no knowledge that he had ever tendered his resignation to the company. In such circumstances the company will not be permitted to claim that he had resigned prior to the service of process upon him by merely tendering his resignation. The company could have terminated his relationship at any time by electing a successor as provided in its by-laws; and by failing to act he must be treated in actions against the company, in so far as service of process is concerned, as its duly constituted agent."

Mere expressions of an intention to resign if certain contingencies arise, or loose statements of intention, do not amount to a resignation, particularly where the party continues to act. Union Nat. Bank of Troy v. Scott, 53 App. Div. 65, 66 N. Y. Supp. 145. Under the foregoing and other decisions, service in this case is held to be valid.

The motion to quash and dismiss is overruled. The defendant the Western Land & Irrigation Company excepts.