## JACKSON *et al. v.* NORTON.

An injunction will not lie to restrain the collection of a judgment against the plaintiff, on the ground that the judgment was for a balance of purchase money of land under covenant for a good title, while in fact the grantor had no title, as long as the purchaser against whom the judgment was taken, and who seeks to enjoin it, remains in possession.

The fact that suit in ejectment has been commenced against the judgment debtor by the real owner, does not entitle him to enjoin the judgment. He can only avail himself of the covenants of his grantor when he has been evicted, unless he offers to surrender the land to his grantor.

Neither does the allegation that the purchaser (plaintiff in equity,) has put valuable improvements on the land, and that he has paid a portion of the purchase money, and that his grantor and judgment creditor is insolvent and without visible property, take the case out of the rule.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

The plaintiffs filed their bill for an injunction to restrain the defendant from enforcing a judgment obtained by defendant, Norton, and one McCord, against plaintiffs, alleging that said judgment is for $800 balance of the purchase money of a certain piece of land, which the defendant and McCord had warranted to be public land properly preempted by them, but which in fact was covered by a Mexican grant, and included in the survey thereof as finally confirmed. The bill also alleges that the plaintiffs have already paid $500 on account of said purchase to said defendant and McCord, and that both of the latter are insolvent, and have no property or means to respond to any judgment; that they had made fraudulent misrepresentations that the land was not included in any grant, to induce plaintiffs to make said purchase; that plaintiffs have made valuable improvements on the land; and that suit has been commenced against them by Ritchie and Waterman, the owners of the land under the grant, to recover possession thereof. The complaint also prays for judgment for $500 against the defendants, being the portion of purchase money paid them by plaintiffs. The application for the injunction was argued upon the bill alone, and denied. Plaintiffs appealed.

*Edwards & English* for Appellants.

1. The action is for relief against the fraud and misrepresentation of the respondents. To this they are entitled, whether the deed in question is with or without warranty. There is no warranty. The words are: " *all of which title we guaranty, up to the date of this article;*" but there are no previous operative words to show what was intended to be guarantied. 10 Bacon's Abr., 396–7 ; 2 Black. Comm., 300–1.

2. The Court erred in denying the injunction. The appellants have a clear equity against the note for the purchase money, which was inadmissible as a defence at law. October Term, 1855, p. 60.

The very fact that the defence was not admissible in that suit, is conclusive that it is the legitimate ground of a suit in equity; and *that*, upon the authority of the case just cited. But this case does not stand alone. Le Roy *v.* Marshall, 8 How. Pr. R., 373; Administrators of Barton *v.* Rector and others, 7 Mo. R., 524; Gooch *v.* Conner, 3 Mo. R., 391; Glascock *v.* Minor, 11 Mo. R., 655.

*John Curry* for Respondent.

A defence cannot be set up in equity as a ground for an injunction which has been fully and fairly tried at law; there must be some special ground for relief. Story's Eq. Jur., §§ 895, 896; Mar. Ins. Co. *v.* Hodgsdon, 7 Cranch R., 336; Simpson *v.* Lord Howdon, 3 Mylne & Craig R., 97; Robinson *v.* Gilbreth, 4 Bibb R., 184.

The facts set up in the bill of complaint in this suit, are the same identically with those sought to be established in the action at law. See Norton *v.* Jackson *et al.*, 5 Cal. R.

The subject matter of the plaintiff's complaint is *res adjudicata*. Norton *v.* Jackson, Oct. Term, 1855.

The complaint herein is in the nature of a bill for a new trial. The plaintiffs would and did avail themselves of the subject matter in defence in the action at law. Hence they are barred such relief in this suit. 2 Story's Eq. Jur., §§ 887, 888, and cases there cited.

The complaint does not set forth facts, which, if taken to be true, entitle the plaintiffs to a preliminary injunction, nor to final relief from the judgment sought to be enjoined.

1. The plaintiffs admit that they entered into possession of the property, and are still in the possession, enjoying the property, for the price of which the judgment sought to be enjoined was obtained. See the case of Norton *v.* Jackson & Jackson, and the cases there cited. Truly *v.* Wauser, 5 How. U. S. Rep., 141.

2. The complaint does not show that plaintiffs have offered to rescind the contract by which they obtained the possession of the land.

3. The plaintiffs do not tender an accounting for the rents and profits of the land.

4. The plaintiffs seek to avoid the payment of the price agreed to be paid, and still retain the land.

They seek to rescind the contract so far as to relieve themselves of their obligations, and yet to hold on wherein it may be to their advantage. If they would rescind in part they must rescind *in toto*, and place the defendant in *statu quo*. Voorhies *v.* Earle, 2 Hill, 288; Hogan *v.* Weyer, 5 Hill, 390; Masson *v.* Bovet, 1 Denio, 74; 3 Wend., 326; 19 Martin's La. R., 235; Riddell *v.* Blake, 4 Cal. R., 264.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

The Court below properly refused the injunction. The case made by the bill does not come within the rule established by this Court, when this cause was here before, (see 5 Cal.) The plaintiffs cannot avail themselves of a proceeding in chancery to avoid the payment of the purchase money, without offering to rescind the contract and return possession to the defendant. The allegation that they have made valuable improvements, does not take the case out of the rule. They have had the use and enjoyment of the land, and the improvements may be a fair offset for the rents and profits. Certainly, a Court of Equity should not permit a party to avoid the consequences of his contract, while he is in possession, which possession may ripen into a title, unless he offers to put the opposite party in *statu quo.*

Judgment affirmed.