E. KENNEDY AND T. R. HOPKINS, APPELLANTS, v. THE HIBERNIA SAVINGS AND LOAN SOCIETY, RESPONDENT.

ATTACHMENT—NOTICE TO GARNISHEE.—To render the process of attachment effectual against a corporation, as garnishee, the writ and notice must be served on the President, or other head of the same, or the Secretary, Cashier, or other *managing* agent thereof.

IDEM.—In the case of a banking corporation, service of process on the Teller, whose only duty is to receive and pay out all moneys which come into and go out of the bank, is not sufficient to bind the corporation.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

There was judgment for the defendant, and plaintiff appealed.

The facts are stated in the opinion of the Court.

*I. A. Fletcher* and *W. H. Patterson,* for Appellants.

*Edward F. Head,* for Respondent.

CROCKETT, J., delivered the opinion of the Court:

The plaintiffs commenced an action against one O'Regan, on a money demand, and took out an attachment, under which the defendant, a banking corporation, it is claimed, was summoned as a garnishee. Similar proceedings were had in behalf of F. T. and George Fisen, also creditors of O'Regan, who have assigned their demand to the plaintiffs. In each case judgment was duly rendered against O'Regan; but subsequently to the alleged service of the garnishment, the defendant paid to one Tucker the amount standing on its books to the credit of O'Regan, Tucker having produced to the officers of the bank an assignment of the fund in due form, executed by O'Regan prior to the alleged service of the garnishment. This action is brought to recover from the bank the amount paid to Tucker, or as much thereof as will satisfy the two judgments; and the complaint alleges that the assignment from O'Regan to Tucker was fraudulent and colorable, except as to the sum of $280, which it is admitted was due from the former to the latter; and it is claimed that in the payment to Tucker, after service of the garnishment, the defendant acted at its peril, and is responsible to the plaintiffs in the same manner as if no payment had been made. In respect to the service of the garnishment, the allegation of the complaint is, that it was "duly served on the Hibernia Savings and Loan Society, by delivering to J. K. Handy, then cashier and manager of defendants' said Society, a true copy of said attachment, with notice that all debts or credits owing by the Society to O'Regan were attached." In reply to this position of the complaint, the answer denies that Handy is or ever was "their Cashier or manager," or that he was, at any time, "the President or head Secretary, Cashier or managing agent," of the corporation. This raised a direct issue as to the sufficiency of the service of the garnishment; and it was therefore incumbent on the plaintiffs to prove the allegation of the complaint in that respect. The only testimony on this point was that of Handy himself, as follows: "I was Teller of this bank (Hibernia Savings and Loan Society.) My

duties were to receive and pay out all moneys that came into and went out from the bank. The attachments in question were served on me. I examined O'Regan's account, and reported to the officer serving the attachments that he had moneys there on deposit, to wit, $2,000. I, at the time, made an entry in pencil of the attachments on the bank book." This is the only proof of service, and it is manifestly insufficient.

Section twenty-nine of the Practice Act prescribes the method of serving a *summons* on a corporation, to wit: By delivering a copy to "the President or other head of the corporation, Secretary, Cashier, or managing agent thereof." Handy did not stand in either of these relations to the bank. He was only the Teller, whose duty it was to receive and pay out money. So far as the proof shows, he was not the President or head of the corporation, nor its Cashier, having the care and custody of its money and securities, nor its Secretary or managing agent. If he occupied either of these relations, the fact was capable of proof, and there was no evidence of it in the cause. But, it is said that Section 29 relates only to the service of a *summons*, and has no application to the service of a garnishment. Section 126 provides that if any person shall have in his possession or under his control any credits or other personal property belonging to the defendant, or is owing any debt to the defendant, "the Sheriff shall serve upon such person a copy of the writ, and a notice that such credits or other property or debts are attached in pursuance of such writ." There is no special direction as to how the service is to be made on a corporation. Section 125, in the fifth subdivision, provides that debits and credits may be attached by leaving with the person owing such debts, or having in his possession or under his control such credits, "or with his agent," a copy of the writ. The term "agent," as employed in this connection, when applied to the service of a garnishment on a corporation must be construed to mean the "managing agent." The next preceding subdivision prescribes how stock or shares, or interest in stock or shares of any corpor-

ation or company, may be attached; to wit, by a service upon the "President, or other head of the same, or the Secretary, Cashier, or other *managing agent* thereof," and these are precisely the same officers on whom Section 29 requires a summons to be served. It is not probable, that in the next subdivision the Legislature intended to depart from this policy, and authorize a service on any "agent" of a corporation; and particularly without defining the nature of the agency. Corporations usually have numerous "agents" for the different departments of their business. An insurance company may have, besides their chief officers, numerous soliciting agents in various portions of the State; and, in one sense, every Superintendent or conductor on a railroad is the agent of the company, and every master or clerk of a steamboat is, to a certain extent, the agent of the owner. And yet, it would scarcely be claimed that an insurance company would be bound by a garnishment served on one of its traveling agents, or a railroad company by a service on a conductor, or a navigation company by a service on the master, clerk or mate of one of its boats. Such a practice would tend to the most perplexing results; and nothing but the most explicit language in the statute would justify us in upholding such a construction of it. We hold, therefore, that under subdivision 5 of Section 125, if service be made on the "agent" of a corporation, it must be on the "*managing* agent," as required in the fourth subdivision, and in Section 29. At common law, service of process on a corporation must be made on the President or principal officer. (Angel & Ames on Corp. S. 637; 1 Tidd's Pr. 116; *McQueen v. Middlesex Man. Co.* 16 John. 6.)

So that, whether it be tested by the common law rule, or by analogy to the provisions of the Practice Act providing for the service of a summons on a corporation, the service of the garnishment in this case was insufficient, and was in no manner obligatory on the defendant.

This view of the case renders it unnecessary to discuss the other points raised on the appeal.

Judgment affirmed.

SANDERSON, J., dissented.