## COMET CONSOLIDATED MIN. CO. V. FROST.

1. A SUMMONS NOT ALWAYS "PROCESS."— A summons issued and signed by plaintiff's attorney, under act April 7, 1885, is not "process" within the purview of the constitutional provision requiring all process to run in the name of the people, although its service is the statutory method of beginning a suit.

2. WHEN COMPLAINT MUST BE ANSWERED.— A summons which requires the defendant to answer the complaint that "will be filed in the clerk's office on the second Monday after service" thereof, fixes that day as the time when defendant must answer, and not as the time when the complaint will be filed.

3. SERVICE ON VICE-PRESIDENT OF A CORPORATION AS EFFECTUAL AS ON THE PRESIDENT.— Under the provision of the Colorado Code that service upon corporations "shall be made by delivering a copy of the summons to the president or other head of the corporation, or to the secretary, cashier, treasurer or general agent thereof, but if no such officer can be found in the county, service may be had on any stockholder," service upon the vice-president of a corporation is sufficient, even though the return does not show that the president could not be found in the county.

4. APPLICATION TO SET ASIDE DEFAULT MUST BE MADE TO COURT BELOW.— Where the proceedings in an action, wherein judgment by default has been entered against a defendant, have been in conformity with the requirements of the statute, application to vacate the judgment and permit a defense on the merits must be made to the trial court.

*Error to District Court of Arapahoe County.*

Mr. HUGH BUTLER, for plaintiff in error.

RICHMOND, C.   Defendant in error, plaintiff below, instituted this action to recover the sum of $6,687.77, with interest at the rate of ten per cent. per annum from the 17th day of December, 1885, evidenced by a promissory note.

The proceedings in this case were based upon the act of 1885, entitled "An act to amend an act providing a system of procedure in civil actions in the courts of justice of the state of Colorado, approved March 17, 1877."

In pursuance of this act a summons was issued, signed by the attorney of plaintiff, addressed to the defendant and served upon J. Granville Sharp, vice-president of the defendant company, in Denver, Arapahoe county, Colorado.

On the 28th day of December, 1885, a complaint was filed which is in the following words and figures: "State of Colorado, County of Arapahoe — ss.: In the District Court. Henry C. Frost, Plaintiff, vs. The Comet Consolidated Mining Company, Defendant.

"The plaintiff complains of the defendant and alleges that on the 17th day of December, A. D. 1885, at Denver, in the county of Arapahoe and state of Colorado, the said defendant by its promissory note of that date, by it duly executed · for value received, promised to pay to the order of said plaintiff, one day after the date thereof, the sum of six thousand six hundred and eighty-seven 77-100 dollars, with interest at ten per cent. per annum until paid, and delivered said note to the plaintiff, who is now the holder and owner thereof; that although said note is long since past due, and although often requested, the said defendant has not paid the same nor any part thereof.   Wherefore the plaintiff demands judgment against said defendant for the sum of six thousand six hundred and eighty-seven 77-100 dollars, with interest thereon at ten per cent. per annum from the 17th day of December, 1885, until paid, and costs of this suit.   GEO. C. NORRIS, Attorney for Plff."

Thereafter, on the 5th day of January, A. D. 1886, in vacation, judgment of default and final judgment was entered by the clerk of said district court for the full amount claimed, together with interest and costs. To reverse this judgment plaintiff in error prosecutes this writ.

Plaintiff in error contends: *First*. That the summons heretofore recited is not in conformity with the constitution of the state of Colorado in this, that it does not run in the name of the "people of the state of Colorado;" that it is a "process" coming within the provisions of the constitution. *Second*. That the summons was served on the 24th day of December, 1885; that complaint was not filed until the 28th day of December; that, under and by the terms of the summons, defendant was not expected to answer until the 4th day of January, 1886, and in support of this contention it is insisted that the summons stated that the complaint would be filed in the clerk's office on the second Monday after service of summons, if served in Arapahoe county. *Third*. That the summons was served on the vice-president of the company, and that the return on the summons does not show that the president was not then in the county of Arapahoe and state of Colorado.

The foregoing are the principal points discussed by plaintiff in error.

As to the first point raised, that the summons is such a process as must be issued in the name of the people of the state of Colorado, we are strongly inclined to follow the conclusion of the supreme court of Florida in *Gilmer v. Bird*, 15 Fla. 411. In this case the identical question here presented is discussed at some length, that is, "that the summons, as authorized by the code, is a 'process' within the meaning of the constitutional provisions which require the style of all process to be the 'State of Florida;' that the summons had no such style; that this was essential to the validity of the judgment, there having been no appearance." And the court said: "But is a notice given by an attorney of the institution of a suit in a form similar to a

summons, but not issuing out of a court, a 'process' within the meaning of the constitution? Baron Comyn, in giving the definition of the term 'process,' says it imports the writs which issue out of any court to bring the party to answer, or for doing execution.

"There is no definition of 'process,' given by any accepted authority, which implies that any writ or method by which a suit is commenced is necessarily 'process.' A party is entitled to notice and to a hearing under the constitution before he can be affected, but it is nowhere declared or required that that notice shall be only a writ issuing out of a court."

In *Porter v. Vandercook*, 11 Wis. 70, it was held that "the summons provided for by the code is not a 'writ' or 'process' within the meaning of the constitution, article 7, section 17, and need not be in the 'name of Wisconsin,' nor tested in the name of the presiding judge, nor sealed with the seal of the court."

In *Hanna v. Russell*, 12 Min. 80 (Gil. 43), the court said: "But we think a 'summons' is not 'process,' within the meaning of section 14, article 6, of our state constitution. It is merely a notice given by plaintiff's attorney to the defendant that proceedings have been instituted, and judgment will be taken against him if he fail to defend. This notice is not issued out of or under the seal of the court, or by the authority of the court or any judicial officer. The fact that the court acquires jurisdiction by its service does not prove it 'process,' for it is competent for the legislature to provide that the court shall acquire jurisdiction by the service of the complaint without a summons, or in any other manner by which the defendant may be notified that proceedings have been instituted against him."

In *Bailey v. Williams*, 6 Or. 71, it was held that "a summons used to bring a defendant into the circuit court is not 'process,' and need not run in the name of the state."

In *Nichols v. Plank-road Co.* 4 G. Greene, 44, it was held

that "the notice provided by the code is not a 'process,' and need not be in the style of the 'State of Iowa.'"

This seems to be the generally accepted conclusion of all courts having a similar code practice and a similar provision in the constitution, and is, in our judgment, a satisfactory determination of this question.

The contention of appellant that the summons stated that the complaint would be filed in the clerk's office on the second Monday after service of summons in the county of Arapahoe is without foundation. The summons does not so state. The language of the summons requires him to answer the complaint which will be filed in the office of the clerk of the district court of the second judicial district of the state of Colorado on the second Monday after service thereof, fixing, in the language of the code, the time when it was the duty of the appellant to answer the complaint, not fixing the time when the complaint would be filed in the district court. Immediately upon the service of the summons it was within the power of the appellant, defendant below, to appear and demand a copy of the complaint. This he could have done at the time of the service or any time thereafter before the second Monday. The summons was served on the 24th; the complaint was filed on the 28th of December; all of which, in our judgment, was in strict conformity with the provisions of the code. The second objection, therefore, in our opinion, is wholly untenable. Judgment was not taken until after the second Monday after the service of the summons, the second Monday occurring on the 4th of January, and judgment was rendered on the 5th of that month.

The third objection, that the summons was served on the vice-president and not upon the president, and that the return of the officer or person serving the summons does not show that the president was not within the county, is equally untenable.

The provision of the code providing for service upon

corporations is as follows: "If the suit be brought against a corporation, service shall be made by delivering a copy of the summons to the president or other head of the corporation, or to the secretary, cashier, treasurer or general agent thereof; but if no such officer of the corporation can be found in the county, service may be had on any stockholder of such corporation."

The language of this provision admits of service upon any of the officers enumerated therein, president or other head of the corporation, the secretary, cashier, treasurer or general agent. Certainly the vice-president comes within the provisions of this section. If service had been made upon a stockholder we are clearly of the opinion that ere a judgment of default could have been entered the return should show that none of the officers above enumerated were within the county where service was to be had. Service upon the vice-president, in our judgment, was amply sufficient, and no certificate is necessary by the party making the service to the effect that the president did not reside in the county. The Illinois case cited by plaintiff in error is not in point, because the statute referred to in that case is not similar to the provisions of our code above recited. It was within the power of plaintiff in error to have met all of these questions in the court below by motion to vacate the judgment if the company had a meritorious defense to the action. This it did not see proper to do, and for this reason we are not inclined to favorably consider such objections here. The other errors assigned, not having been urged, need not be considered. The judgment of the court below should be affirmed.

REED and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the district court is affirmed.

*Affirmed.*