GEORGE RAND, PLAINTIFF IN ERROR, v. THE PANTA-
GRAPH COMPANY, DEFENDANT IN ERROR.

1. COMPLAINT ON PROMISSORY NOTE—DEFENSES.—To a complaint on a
negotiable note alleging that the plaintiff in good faith purchased the
same for a valuable consideration, it is no defense to set up a fail-
ure of the original consideration of the note without averring notice
thereof on part of the plaintiff, and it is not error to strike out
such defense on notice of the plaintiff.
2. MOTION TO QUASH SUMMONS.   It is not a sufficient ground to quash a
summons that it was signed by the attorneys of the plaintiff, and
was not under the seal of the court.

*Error to District Court of Arapahoe County.*

Messrs. BROWNE & PUTNAM, for plaintiff in error.

Messrs. STUART, MURRAY & ANDREWS and Mr. ROBERT
W. BONYNGE, for defendant in error.

RICHMOND, P. J.   This was an action on two promissory
notes for the sum of $475 each, dated May 11th, 1886, due in
twelve and eighteen months respectively at the German Na-
tional Bank, Denver, with interest at ten per cent per annum.

The Pantagraph Stationery Company, by its complaint,
alleges: That it is a corporation duly organized under the
laws of the state of Illinois; that on the 11th day of May,
1886, the defendant executed and delivered to Dillon Broth-
ers the promissory notes sued on; that long before the said
notes became due and payable plaintiff, in good faith and
for a valuable consideration, became the owner of the same,
and that the same are due and unpaid.

To the complaint defendant interposed two defenses: First,
denying that plaintiff is the owner of the notes sued on;
and, second, a failure of consideration.

The second defense is in the following language: " That
said promissory notes were given by the defendants to Dil-

lon Brothers in part payment for a stallion bought by defendants from the payees in said note for a valuable consideration; that the said payees warranted said stallion to be sound in all respects; that said stallion was not sound but diseased at the time of the sale, as was well known to the seller and unknown to the defendants; and that because of said disease the said horse died on, to wit, the 4th day of April, A. D. 1886, and so the consideration for the said notes has wholly failed."

Motion was made by plaintiff to strike out the said second defense on the ground that the same is immaterial, irrelevant and insufficient. This motion was sustained and leave thereafter granted to file an amended answer. No amended answer was filed.

The cause came on for trial, and judgment was rendered for the plaintiff in the sum of $1,285, besides costs. To reverse this judgment plaintiff prosecutes this writ of error and insists that the court erred in striking out the answer above set forth.

After striking out the answer of failure of consideration, on the ground of insufficiency, there remained for the trial court but one issue, that is, the true ownership of the note, and the evidence clearly supported plaintiff's allegation.

It will be observed that the plaintiff alleged that he was the *bona fide* owner for value before maturity of the notes. It is an elementary principle that, as against a *bona fide* purchaser for value before maturity of negotiable promissory notes, failure of consideration *without notice* constitutes no defense to the action.

" The purchaser or holder of a negotiable instrument, who has taken it in good faith for a valuable consideration in the ordinary course of business, when it was not overdue, without notice of its dishonor and without notice of facts which impeach its validity as between antecedent parties, has a title unaffected by those facts and may recover on the instrument * * * ." 1 Daniel on Negotiable Instruments, § 769.[a]

This being the law, I am at a loss to understand how it

can be contended that the court erred in striking out the above recited defense, as it in no way attacks the allegation that plaintiff is the *bona fide* owner for value, nor does it charge plaintiff with notice of the failure of consideration, or of knowledge of any facts which impeach the validity of the notes as between the parties.

It is provided by section 65, page 20, Civil Code, that "sham and irrelevant answers to defenses, and so much of any pleading as may be irrelevant, redundant, immaterial or insufficient, may be stricken out on motion, and upon such terms as the court, in its discretion, may impose."

A motion was made to quash the summons for the reason that it was signed by the attorneys for the plaintiff and not under the seal of the court; but this is not seriously urged by plaintiff in error as a ground of reversal, and if it were, the supreme court in the case of *The Comet Consolidated M. Co. v. Frost*, 15 Colo. 310, has conclusively settled that such a summons so signed is legal.

The record discloses no error. The judgment will be affirmed.

*Affirmed.*