WALTER M. POND AND HENRY COMLEY, *Partners, et al.*, v. THE NATIONAL MORTGAGE AND DEBENTURE COMPANY *et al.*

### No. 204.

1. APPELLATE PRACTICE—*motion for new trial not necessary, when.* No motion for a new trial is necessary to obtain a review of the finding of law, by a district court, that a service of summons upon a corporation by delivering a copy thereof to the vice-president of the corporation is invalid.

2. VICE-PRESIDENT—*of a corporation is its chief officer when president is absent.* In the absence of the president of a corporation, it is the duty of the vice-president to act as president, and at such times he is the chief officer of the corporation.

3. SERVICE OF SUMMONS—*on vice-president when president is absent, is proper.* The service of a summons upon a corporation by delivering a copy of the summons to the vice-president, at a time when the president is absent from the county and could not be found by the sheriff, is sufficient.

Error from Reno District Court. Hon. L. Houk, Judge. Opinion filed November 16, 1897. *Reversed.*

*John W. Roberts*, for plaintiffs in error.

*McKinstry & Fairchild,* for defendants in error.

DENNISON, P. J. This action was brought in the District Court of Reno County, Kansas, by W. M. Pond & Co., as plaintiffs, against Ephraim J. Lash, Robert H. Smith, the National Mortgage and Debenture Company, V. P. Caffry, Robt. H. Brouse and Handy Bros., as defendants, to foreclose a mechanic's lien upon lot 5 in block 18 in Miller and Smith's Addition to the city of Hutchinson, Kan. Handy Bros. filed their answer and cross-petition, claiming a mechanic's lien upon the same premises. All the other defendants defaulted. Judgment was rendered in favor of Pond & Co. and Handy Bros., decreeing them to

be coequal lien holders.  All the other defendants were barred and foreclosed.  The National Mortgage and Debenture Company and the Boston Safe Deposit & Trust Company each filed a motion to set aside the service of summons upon the National Mortgage and Debenture Company.

The motions alleged that Ephraim J. Lash and Annie M. Lash, his wife, and Robert H. Smith, executed and delivered to the National Mortgage and Debenture Company their certain promissory note for the sum of twenty-five hundred dollars, and a mortgage upon said lot 5 to secure the payment of the same; that prior to the commencement of this action the National Mortgage and Debenture Company had sold and assigned the note coupons and mortgage to the Boston Safe Deposit & Trust Company, which was then the owner and holder thereof; that the deed of assignment was not put of record until after the commencement of this action; and that said Boston Safe Deposit & Trust Company was not made defendant therein.

The motions also allege that G. Y. Johnson, who was served with summons as president, "was not at said time the president, mayor, chairman of the board of directors, trustee, or other chief officer, nor its cashier, treasurer, secretary, clerk or managing agent, and that no other service was ever made or attempted to be made on said defendant the National Mortgage and Debenture Company."  The sheriff was permitted to amend his return by showing that it was served personally upon G. Y. Johnson, vice-president of the National Mortgage and Debenture Company and a chief officer of said Company, and that the president was not found in Shawnee County at the time of service.  Upon the hearing of the motions, the court found "that the summons served upon the National Mortgage and Debenture Company was served upon George

720 POND v. MORTGAGE CO.

S. Dept.　　　Opinion.　Dennison, P. J.　　　6 Kan. App.

Y. Johnson, the vice-president of said Company; that the president of said Company was not found by the sheriff of Shawnee County, and was not in Shawnee County at the time of said service." The court concluded as a matter of law that the summons served upon George Y. Johnson, vice-president of said defendant, was invalid. The court set aside the service and Pond & Co. and Handy Bros. excepted; and they now bring the case here for a review upon the order of the court setting aside said service.

The defendants in error contend that the plaintiffs in error are not in a position to have this question decided by this court, for the reason that they filed no motion for a new trial. Some evidence was introduced tending to show the position which Johnson occupied in the National Mortgage and Debenture Company, but neither side questions that Johnson was vice-president. The conclusion of the court as a

1. Motion for new trial not necessary.

matter of law, that the service upon the vice-president of said defendant was invalid, is the only matter we are asked to review; and no motion for a new trial is necessary in order to obtain a review upon the correctness of this conclusion of law.

It is also contended that we have no jurisdiction to render a decision in this case, for the reason that the necessary parties have not been brought into this court. After a careful examination of the record and briefs, we are unable to say that the interest of any one will be prejudicially affected, or that any one's rights will be disturbed by a reversal of this order.

The only other question necessary to decide is whether a service of summons can be legally made

2. Vice-president is chief officer when.

upon a corporation by delivering a copy thereof to the vice-president when the president is absent from the county. In *Comet Con.*

*Min. Co. v. Frost* ( 15 Colo. 310 ), it is held that service upon a vice-president of a corporation is sufficient even though the return does not show that the president could not be found in the county. The Colorado Code provides that service shall be made by delivering a copy of the writ to the president or other head of the corporation, or to the secretary, cashier, trustee or general agent thereof. See also *N. & W. R. R. Co. v. Cottrell*, 83 Va. 512, 31 Am. & Eng. Rld. Cases, 235. A vice-president is defined by Webster to be an officer next in rank below a president. In the absence of the president of a corporation, it is the duty of the vice-president to act as president, and at such times he is the chief officer of the corporation.

The service of summons upon the National Mortgage and Debenture Company by delivering a copy thereof to G. Y. Johnson as vice-president, at a time when the president was absent from the county and could not be found by the sheriff, is sufficient, and the Company was grossly negligent in ignoring such service.

3. Service of summons on vice-president.

The order of the District Court in setting aside the service of said summons is reversed, and the District Court is ordered to restore the plaintiffs in error to all the rights they have lost by reason of the making of said order.