THE WYANDOTTE NATIONAL BANK AND D. T. DEN-
NIS v. CHRISTIANA A. SIMPSON, *as Administratrix of
the estate of T. E. Simpson, deceased.*

**No. 113.**

1. REPLEVIN—*Issue.* The issue in an action of replevin is the
wrongful detention of the property at the time of the commence-
ment of the action.

2. ——— *Special Findings.* The plaintiffs in error are entitled
to a judgment on the special findings of the jury in this case.

Error from Pratt district court; W. O. BASHORE,
judge. Opinion filed December 15, 1898. Reversed.

*Ellis & Barrett*, and *N. B. Carskadon*, for plaintiffs in
error.

*B. D. Crawford*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in
the district court of Pratt county by T. E. Simpson
as plaintiff to recover the possession of certain personal
property from the plaintiffs in error. Judgment was
rendered in favor of Simpson and the defendants be-
low bring the case here for review. They contend
that the court erred in giving its fourth instruction,
and in refusing to render judgment in their favor on
the special findings of the jury. The fourth instruc-
tion reads as follows:

"4th. The court further instructs you, that if you
find from the preponderance of the evidence that the
plaintiff was the owner of said property, and in actual
possession of the same, and that the defendants, agents,
or attorneys, for the purpose of obtaining possession
of said property without resorting to an action of
replevin to recover the same, acting for and on behalf

of the defendants and ostensibly as the agents or attorneys for the plaintiff in an action in the district court of this county, wherein S. N. Schuyler was plaintiff, and T. E. Simpson, the plaintiff herein, was defendant, and in which a judgment had been rendered against the said T. E. Simpson, caused and procured an execution to be issued on said judgment and levied upon the property in question in this action, with the intention and sole purpose of getting said property out of the possession of this plaintiff into the possession of these defendants, to be disposed of under said chattel mortgage, and, after having caused said execution to be levied upon said property and taken possession of by the officer, caused and procured said officer to turn said property over to the defendants herein or their agents, and returned said execution by order of the attorneys, so ostensibly representing the plaintiff in said action, with the indorsement thereon, showing that said property had been turned over to these defendants under their claim to the same under said chattel mortgage, and that the process of the court so issued upon said judgment was used by the defendants with the intention and sole purpose of deceiving the plaintiff herein and taking said property from his possession and turning it over to the defendants against his will and over his objections, and that said property was so taken and obtained by the defendants, their agents or attorneys, then, and in that event, the taking of said property by the defendants was fraudulent, against public policy, and wrongful, and the subsequent withholding and the detention of the same from the plaintiff was unlawful and wrongful, although the defendants may have been entitled to the possession of said property under said chattel mortgage if they had rightfully obtained possession of the same.''

The issue in an action of replevin is the wrongful detention of the property at the time of the commencement of the action. The question to be determined is, Who was entitled to the possession of the property at the time of the commencement of the action? not,

How did they come into the possession of it ? The instruction complained of is erroneous.

It is also contended that the plaintiffs in error were entitled to a judgment in their favor on the special findings of the jury, which were as follows :

"1. At the time this action was commenced were the defendants in possession of the engine in controversy and holding the same under the chattel mortgage introduced in evidence? Ans. Yes.

"2. Did Carskadon & Thompson indorse and transfer said note secured by said chattel mortgage to the defendant, the Wyandotte National Bank, before maturity? A. Yes.

"3. Was the said note secured by said mortgage due and unpaid at the time of the beginning of this action? A. Yes.

"4. What is the amount due and unpaid on said note? A. $500, and interest at eight per cent. from October 17, 1890."

This contention is correct. The plaintiffs in error were entitled to a judgment that at the time of the commencement of the action they were entitled to the possession of the property, and that they had a special ownership therein of the value of $500 and interest at eight per cent. from October 17, 1890.

The judgment of the district court is reversed, and the case remanded for further proceedings in accordance with the views expressed in this opinion.