[No. 1719.]

ERDMAN ET AL. v. HARDESTY.

1. PROMISSORY NOTES—DEMAND OF PAYMENT.

It is not essential that a demand be made on the maker of a note before bringing an action against him on the note. A demand is only a prerequisite to the enforcement of the liability of some third person who stands in the position of indorser, guarantor or surety for the maker.

2. PRACTICE—AMENDMENT—SUMMONS.

A summons signed by an attorney is subject to amendment by the
court.

3. PRACTICE—SUMMONS—MISNOMER—AMENDMENT.

In an action upon a promissory note where the complaint correctly
stated the names of the makers, but the summons misstated the mid-
dle initial of one of the defendants and the summons was served
upon the right defendant and he appeared specially to move to quash
the summons, his motion to quash was properly overruled, and the
summons was properly amended upon motion of plaintiff by insert-
ing the proper initial.

*Appeal from the County Court of Arapahoe County.*

Mr. O. A. ERDMAN, for appellants.

Messrs. ALLEN & WEBSTER, for appellee.

BISSELL, P. J.

This is an ordinary action on a promissory note, dated
May 6, 1896, due a year after date with specified interest and
payable at the First National Bank. The note was signed
F. C. Erdman and Geo. W. Long, Jr. The complaint con-
tains all the allegations requisite to a statement of a cause of
action on a promissory note and concludes with a prayer for
judgment. The complaint correctly stated the names of the
makers of the paper. The summons was signed by one of
the attorneys for the plaintiff, and it named Erdman as F. H.
Erdman. In no other particular was the summons informal
or inaccurate. It conformed to the statute and corresponded
with the complaint save as to the initial.

Long demurred on the ground that the complaint did not
state facts sufficient to constitute a cause of action. Accord-
ing to the argument filed in support of the demurrer and as
a basis on which to attack the judgment, it seems to be seri-
ously urged the complaint is defective because it failed to
state a demand on the makers. This proposition is easily
disposed of by the suggestion of the long established principle

that a demand on the maker is not essential to an action against him, and is only a prerequisite to the enforcement of the liability of some third person who stands in the relation of indorser, guarantor, or surety for the maker's performance.

The other point relied on respects the mistake in the summons. Erdman appeared specially and moved to quash the summons, stating that his name was Frederick C. Erdman, relying on the suggestion that he was not the person named in the summons, and that the summons served on him, as appeared from his affidavit, contained the name F. H. Erdman in place of F. C. There was a motion for leave to correct the summons by the insertion of the letter C. and of course for a judgment against Erdman who had appeared specially to attack the proceedings by which he was brought into court. Both motions, the one to quash, and the other to amend, seem to have been heard at the same time and the court denied the motion to quash, gave leave to amend, the summons was thereupon amended and there being no defense judgment was subsequently entered against both defendants. It is insisted this was error and the court was without authority to amend the notice by which the right person was served and brought into court. The contention is not defensible. I have always been of the personal opinion motions to quash a summons ought not to be entertained when interposed by the one upon whom it was served, if he was the right party to the suit. It is the theory of some codes, and in any judgment they more nearly harmonize with modern procedure, that when the defendant comes into court for any purpose, he is there for all purposes and the court thereby acquires absolute jurisdiction over his person and may proceed, the papers being amended if they require it, to final judgment against the person who has thus entered its jurisdiction. The rule has not been fully recognized in Colorado, but the supreme court has gone far enough to justify the present procedure. As was stated at the outset this summons was signed by the attorney as permitted by the statute, and thereby F. C.

Erdman was given notice of the pendency of the suit. The notice accomplished its purpose and brought the right man into court who moved to quash it. There is no question concerning the right to amend a writ because a summons signed by an attorney is not a process but a notice under the code, or a proceeding, as perhaps it might be more accurately termed, whereby the person who is named as a defendant is brought into court to defend the action. *Comet Con. Mining Co.* v. *Frost*, 15 Colo. 310. This being true, it is quite evident under our very liberal code provisions, it is a subject of amendment. The several sections of the code which govern the matter are 76, 77 and 78. Thereby the court is given full power and authority to amend or correct any pleading or proceeding, it may add or strike out a name, or correct a mistake in the name of a party, or a mistake in any other respect. It is likewise true thereunder, if the plaintiff be ignorant of the name, he can state any name, with proper averments, and when the true name is discovered, he is at liberty to correct it. This court is likewise inhibited from reversing the case because of this defect, if it be one, because by the terms of section 78, the court is bound to disregard any error or defect in the proceedings which do not affect the substantial rights of the parties. It is quite plain the error worked no substantial injury. Notice was served on the right party who came into court and sought to avoid judgment by attacking the notice, and being in court, the court had full power to correct the mistake, and it being corrected and there being no defense interposed, and no other action taken by Erdman, the court was fully justified in proceeding to the entry of judgment against him.

We discover no error in the record and the judgment will accordingly be affirmed.

*Affirmed.*