Wilson, P. J.,
concurring specially.
Upon the ground that the complaint probably states a cause of action in its allegations that the board of public works failed to properly discharge certain material duties with respect to the matter in controversy,T agree with my brother Thomson that the judgment should be reversed. I agree also that this suit can be maintained upon the well-known ground of equity jurisdiction, — the prevention of a multiplicity of suits. I cannot concur with him, however, in his' opinion that the so-called ordinance of the city never became effective and was a nullity, because according to the complaint, it was never published in book or pamphlet form, and was published but once in a newspaper, and that upon Sunday.
In Schwed v. Hartwitz, 23 Colo. 188, it was held that the publication of a notice of a tax sale is. in the nature of serv *396 ice of process, and that because of such fact, its publication on Sunday was invalid and illegal. It is scarcely necessary to say that to this extent only did it approve the cases which the court cited in support of this opinion, and to which we will refer hereafter. It could not be contended for an instant that the court intended to indorse the holdings of the courts in those cases upon questions not pertinent to that which it had under consideration. If it were held in these cases, or any of them, that the publication of a particular city ordinance there under consideration was in the nature of service of process, certainly the Colorado court was not committed to such doctrine, because it had no reference to, nor bearing upon the subject before it. It may be said, however, as coming within the principle of this decision, that the publication on Sunday of whatever was in the nature of service of process would be invalid and illegal, and it is therefore necessary to inquire whether the publication of the so-called city ordinance in question was in the nature of service of process. What is process ? Anderson defines it to be, “ At common law, the means of compelling the defendant to appear in court.” Anderson’s Law Dictionary. Wharton says it is, “ Strictly, the summons by which one is cited into a court, because it is the beginning or principal part thereof, by which the rest is directed.” Wharton’s Law Dictionary.
The meaning of the word, and its object and purpose, has been fixed however by judicial declaration and approval in Colorado. “It imports the writs which issue out of any court to bring the party to answer, or for doing execution. * * * A party is entitled to "notice and to a hearing under the constitution before he can be affected, but it is nowhere, declared or required that that notice shall be only a writ issuing out of a court.” Mining Co. v. Frost, 15 Colo. 313. It would seem, therefore, to be essential in order to constitute process, that the notice be of something proposed against which the party notified might have the opportunity to appear or to defend himself or his property. That the ordinance in question was not of such a character or nature, *397 seems to me apparent. It was not the preliminary act in the matter of providing for the construction of the sewer, but was simply one of the intermediate acts required by the charter in making provision for the improvement. It required nothing of the citizen; there was nothing in it against which he could defend so far as the city council was concerned, and there was nothing under its provisions whereby, as in the tax sale notice under consideration in the Colorado case; above cited, any citizen’s property was liable to be sold for the nonpayment of the assessment. It seems to me clear that the only publication required by the charter in the procedure under consideration in this case, which could be considered in the nature of service of process, was that of the notice to be given by the board of public works to the property owners. It was that, if any, which was jurisdictional, and which would give to the property owner notice that something was to be done affecting his interest, and against which he might come in and defend, if he saw fit. I of course admit that there might be city ordinances, the publication of which would necessarily be in the nature of service of process, but for the reasons briefly given, I do not think that the one under consideration in this case is one of them.
The general rule is that an act, not judicial, performed on Sunday is valid, unless prohibited by some statute. Story v. Elliot, 8 Cowen, 27; 18 Am. Dec. 423. The only statute in this state which might be claimed to bear upon this question in the slightest degree, reads as follows:
“Any person who shall hereafter knowingly disturb the peace and good order of society by labor or amusement on the first day of the week, commonly called Sunday, works of necessity and charity excepted, shall be fined on conviction thereof in any sum not exceeding fifty- dollars.” That statute was taken from Illinois, and the courts of that state construe it to prohibit only labor or amusement that disturbs the peace and good order of society. It prohibits only labor or amusement of that character, and which has that effect. The offense, in other words, is the disturbance of the peace and *398 good order of society. Richmond v. Moore, 107 Ill. 433. It is true that in Scammon v. The City of Chicago, 40 Ill. 146, the court quoted this statute, and said that it was the unquestionable object of the law to secure to every individual in the community the right to pass the Sunday either in religious exercises, or in the quiet and seclusion of his own home without liability to annoyance from the ordinary secular pursuits of life, except so far as they may be dictated by necessity or charity. The court in that case, however, was considering a notice which clearly stood in place of process, and the publication of which was manifestly service of process. This was a notice of the filing of a special assessment roll, with the information that at the next regular meeting of the common council to be held after the expiration of the publication, the board would apply to the council for a confirmation of the assessment. As a result of this assessment, upon failure to pay, the property of the citizen might be condemned. The notice was clearly in the nature of process, because by it the property owner would be advised of proceedings seriously affecting his interest, and against which he might appear and defend.
In my opinion, Hastings v. Columbus, 42 Ohio St. 586, supports my position. It is true that there was a statute in that state permitting the service o f summons on Sunday, and that the court held the .publication of a legal notice under consideration to be quite analogous to service of summons. But the court went further, and this too in the face of a statute different from ours, in that it prohibited “ common labor ” on Sunday, and said, “ A Sunday newspaper is not an unlawful publication, and the fact that persons engaged upon it may have violated the statute against common labor in preparing and circulating it, no more affects the legality of the notice, than the fact that a sheriff may have committed some offense at the time he serves a summons, would affect the legality of the service. In one case as well as the other the service is in fact effectual in giving actual notice, and we see nothing in the common law or our statutes which would *399 warrant us in holding that such publication is illegal or invalid.” The Kentucky case, Ormsby v. City of Louisville, 79 Ky. 199, was based upon the peculiar statutes of that state. The court said, “ A publication of the levy ordinances on Sunday, and on no other day, before seeking to enforce them, is not such a publication as the charter requires, or the law in this state approves. It is not a judicial day, nor is it a day upon which any work, labor or calling can be legally pursued, unless of necessity or charity. * * * The publication is a violation of the law,” etc. Besides, it appears, although that point is not discussed, that the levy ordinances there under consideration, were of such character as to be clearly process, and their publication proper to be called service of process. It gave notice of the levy of taxes which might be enforced against the property owners within certain specified time.
I am of the opinion that the publication on Sunday of the ordinance in question was legal, valid, and not repugnant to the requirements of the city charter.