[No. 1769]

## MRS. H. O. KARNS, APPELLANT, *v.* STATE BANK AND TRUST COMPANY, RESPONDENT.

1. APPEAL AND ERROR—RESERVATION ON GROUNDS OF REVIEW—OBJECTIONS—ADMISSIBILITY OF EVIDENCE.

    An error in refusing to admit evidence is not properly before the court on review where it does not appear that any objection or exception was taken to the action of the lower court.

2. CONSTITUTIONAL LAW—DETERMINATION OF QUESTIONS—NECESSITY OF DECISION.

    A constitutional question will not be determined on appeal unless absolutely necessary to properly dispose of the case.

3. CORPORATIONS—ACTIONS—SERVICE OF PROCESS ON ASSISTANT CASHIER.

    Under Comp. Laws, 3124, providing that summons on a domestic corporation shall be served on the "president or other head of the corporation, secretary, cashier, or managing agent thereof," service on an assistant cashier of a bank in charge of a branch bank who has power to sign drafts and correspondence, and who is under the supervision of the cashier, and who has nothing to do with the control or management of the corporation, is not sufficient.

APPEAL from the District Court of the First Judicial District of the State of Nevada, Esmeralda County; *F. P. Langan,* Judge.

Action by Mrs. H. O. Karns against the State Bank and Trust Company. From an order vacating a default judgment, plaintiff appeals. **Affirmed.**

The facts are sufficiently stated in the opinion.

*James Donovan,* for Appellant.

*Mack & Green,* and *Pyne, Douglass & Tilden,* for Respondent.

By the Court, TALBOT, J.:

This is an appeal from an order vacating a judgment entered by default, which order was based upon the conclusion of the district court that the service of the complaint and summons upon C. H. Wise, assistant cashier of the defendant,

which is a domestic corporation, was insufficient under the practice act, which provides that service upon a corporation organized under the laws of this state shall be upon the "president or other head of the corporation, secretary, cashier, or managing agent thereof." (Stats. 1869, p. 200, c. 112, sec. 29; Comp. Laws, 3124.)

The return of the sheriff states that he personally served the summons "on the State Bank and Trust Company, a corporation, by delivering to and leaving with C. H. Wise, the assistant cashier and managing agent of said State Bank and Trust Company, a corporation, the president, secretary, and cashier being absent from and non-residents of Esmeralda County." It was alleged in the motion to vacate: "That on the 1st day of February, 1908, a copy of summons and complaint was served by the sheriff of Esmeralda County upon C. H. Wise, assistant cashier of the State Bank and Trust Company, defendant; that the said C. H. Wise is not secretary, cashier, or managing agent of the State Bank and Trust Company, a corporation, and never has held any of the said offices; and that C. H. Wise is not one of the persons designated by the statute upon whom service of summons can be made for the said corporation, and has no power or authority from the said corporation to accept service of the said summons for the said corporation, and is in no way authorized to bind the said defendant corporation by the acceptance of any service of summons."

It appears from the affidavits and testimony introduced on the hearing of the motion to vacate that Wise, under appointment by the defendant, held the designated title and position of assistant cashier in charge of the Goldfield branch, and that no officer of the bank above him resided there. He testified without contradiction that he was the assistant cashier of that branch under the supervision of the cashier at Carson City; that he had power to sign drafts and correspondence; that his authority did not extend to any of the other branches; that he had nothing to do with the policy, control, or management of the defendant as a corporation; and that he considered the president the managing agent. As far as anything definite regarding his powers is indicated, he was only authorized to sign correspondence and drafts on other banks—

powers which could be delegated to any assistant cashier without making him the managing or other officer of the corporation. It is not shown that he was authorized to make or call in loans, institute or defend suits, receive or accept service of writs, or otherwise manage the affairs of the bank or the Goldfield branch, or that these powers were not exercised exclusively by the officers of the corporation at Carson City or on their trips to Goldfield. It does not appear that he exercised such functions as would make him the managing agent of the corporation or even of the Goldfield branch, although he was the foremost one in authority who lived there. If he could be considered the manager of that branch because it is shown that he was authorized to sign drafts and correspondence, and because there was no higher officer of the bank residing there, it might still be doubted whether this would make him the managing agent of the corporation.

For appellant it is claimed, not only that Wise was the managing agent, but that service upon him as assistant cashier was sufficient. In support of these propositions, we are referred to the following cases:

*Pond* v. *National M. & D. Company*, 6 Kan. App. 718, 50 Pac. 973, in which the service of a summons upon the vice-president at a time when the president was absent and could not be found by the sheriff was sustained. It was said that in the absence of the president it was the duty of the vice-president to act as president, and that at such times he was the chief officer of the corporation.

In *Comet C. M. Co.* v. *Frost*, 15 Colo. 310, 25 Pac. 506, service upon the vice-president was deemed sufficient, although the return did not show that the president could not be found in the county.

In *Railway Co.* v. *Stone*, 60 Kan. 57, 55 Pac. 347, the court stated that, when the secretary was a non-resident, it believed that service upon the assistant secretary who lived within the state was sufficient.

In *Colorado D. Co.* v. *Lombard Inv. Co.*, 66 Kan. 251, 71 Pac. 584, 97 Am. St. Rep. 373, the president of the defendant lived in New York and the secretary in Chicago. The statute authorized service on an inferior officer when the chief officer

of the company could not be found in the county. It was recited in the return that the president and chief officer of the company were not found in the county. It was held that the service was sufficient upon the assistant secretary, an officer · provided for by the by-laws of the corporation, with independent duties which included the management of the office of the company at Wichita, its only place of business within the state, and who was in effect the secretary of the corporation for Kansas, the state under whose laws it was created. The statute and the circumstances distinguish that case from the present.

In *Brun* v. *N. W. Realty Co.*, 52 Misc. Rep. 528, 102 N. Y. Supp. 473, the majority of the court sustained the service upon a party who had executed contracts, signed checks, and done other discretionary business for the corporation without consulting its officers, and whose acts had been approved by the company. In the dissenting opinion Justice MacLean said: "The argument that it would be a hardship to apply the statute of the state, instead of a judge-made law to fit the case, is seldom cogent."

There is good reason for holding that, in the absence of the president, he becomes superseded by the vice-president, who, in effect, becomes the president or head of the corporation, endowed with the functions of the president and subject to service as "the president or other head of the corporation," as this language is used in the statute. It is not so consistent to hold that service upon an assistant secretary is sufficient unless in the event of the non-residence of the secretary or cashier the powers and duties of the assistant are broad enough to make him in effect secretary or cashier, for that would be judicially legislating words into the practice act not placed there by the legislature.

So far as we have examined, the weight of authority, as well as the decisions of this court, are adverse to or by reason of different circumstances and statutes are distinguishable from the few cases holding that service upon an assistant secretary or assistant cashier is sufficient. Nor do we find that the cases generally support the contention that Wise was the managing agent of the corporation, because, subject to the super-

vision of the cashier, he was in charge of a branch of the defendant's business under the title of assistant cashier, with authority to sign drafts and correspondence. It is not apparent that Wise, the secretary or the cashier with similar powers only, if working at the headquarters of the bank under the supervision of the cashier, president, or other officers, would be the managing agent. The regular and managing officers of the corporation upon whom valid service could have been made were within the state, precluding any necessity for service by publication or upon other officers or stockholders, as is allowable under the statutes of a few states.

Judge Hawley, speaking for the United States Circuit Court in *Doe* v. *Springfield B. & M. Co.*, 104 Fed. 687, 44 C. C. A. 130, cited several cases, and said: "To constitute a managing or business agent upon whom service of summons could be made, the agent must be one having in fact a representative capacity and derivative authority, and not one created by construction or implication, contrary to the intention of the parties."

In *Sterett* v. *D. & R. G. Co.*, 17 Hun, 316, service upon the assistant secretary of a railroad company was held insufficient. The court said: "The duties of a managing agent and of an assistant secretary are entirely distinct. * * * (*Brewster* v. *Mich. Cen. R. R.*, 5 How. Prac. 183; *Doty* v. *Mich. Cen. R. R. Co.*, 8 Abb. Prac. 427; *Flynn* v. *Hudson R. R.*, 6 How. Prac. 308)."

In *Great West Min Co.* v. *W. of A. M. Co.*, 12 Colo. 46, 20 Pac. 771, 13 Am. St. Rep. 204, it was said: "There is a wide distinction between a general and a special or particular agent—a distinction not unfounded or useless, and one which solves many cases. A special agency exists where there is a delegation of authority to do a single act, and a general agency exists where there is a delegation to do all acts connected with a particular trade, business or employment. (Story Ag. sec. 17.) Numerous other authorities recognize this same distinction so clearly laid down by Mr. Story. (*Beals* v. *Allen*, 18 Johns. 363, 9 Am. Dec. 221; *Martin* v. *Farnsworth*, 49 N. Y. 555; *Merserau* v. *Insurance Company*, 66 N. Y. 274; *Railroad* v. *Reisner*, 18 Kan. 458; *Cruzan* v. *Smith*, 41

Ind. 288.) * * * To bind a corporation, the service of process must be upon the identical agent provided by the statute. (*Chambers* v. *Manufactory*, 16 Kan. 270; *Kennedy* v. *Society*, 38 Cal. 151; *Watertown* v. *Robinson*, 59 Wis. 513, 17 N. W. 542; *Aiken* v. *Mining Co.*, 6 Cal. 187; *O'Brien* v. *Shaw*, 10 Cal. 343; *Reddington* v. *Mining Co.*, 19 Hun, 405; *Cherry* v. *Railroad Co.*, 59 Ga. 446; *Railroad Co.* v. *Miller*, 87 Ill. 45.) * * * In *Transportation Co.* v. *Whittaker*, 16 Wis. 233, the question presented was whether there had been sufficient service. The summons had been served upon the captain of a steamboat belonging to the company while employed in transacting its business on the Mississippi River within the boundaries of the state, and the court held that he was not a managing agent within the meaning of the statute. Said the court: 'The statute relates to an agent having general supervision over the affairs of the corporation.' * * * In *Reddington* v. *Mining Co.* the court said: 'It is quite clear that the legislature attached importance to the term "managing agent," and employed it to distinguish a person who should be invested with general power, involving the exercise of judgment and discretion, from an ordinary agent or employee who acted in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of the work and the manner of executing the same.'" In that case the corporation had its place of business and officers in the State of California, and it was held that the agent employed to take charge of a branch office in New York to transfer stock and to receive and transmit money on assessments was not a managing agent of the corporation upon whom summons could be served.

In *Osborne* v. *C. C. F. A. Corp.*, 9 Wash. 666, 38 Pac. 160, a case very similar to the present, it is said in the opinion: "The service upon which the judgment was founded was made upon R. Yeend, who was in charge of the branch store or house of the defendant in Walla Walla. The defendant was a domestic corporation, having its principal place of business in Dayton, Columbia County, and having a president, secretary, treasurer, and general manager. The latter officer had general control of the business, including that transacted by

the person in charge of the Walla Walla house. Under these circumstances it was held by the superior court that the summons had never been served so as to bring the corporation into court. * * * The question presented for our determination is as to whether the agent upon whom service was made was within the meaning of such statute a managing agent of the corporation. The term 'managing agent' would seem to carry the idea that such an agent was one who managed the affairs of the corporation, and not some particular part or branch thereof only. If we give the language of the statute its ordinary significance, it would not include Mr. Yeend, who was only in charge of a single branch of the business of the corporation, among those upon whom service could be made."

At page 120 of 66 Am. Dec. it is said in the note: "In cases where the statute authorizes service on a 'head officer' or a 'managing agent,' the person on whom service may be made must be in the nature of a head officer whose knowledge would be that of the corporation (*Newby* v. *Colt's Pat. F. A. Co.*, L. R. 7 Q. B. Cas. 296), and who has the general supervision of the affairs of the corporation (*Upper Mississippi Transp. Co.* v. *Whittaker*, 16 Wis. 220; *Carr* v. *Commercial Bank of Racine*, 19 Wis. 272); that is to say, one whose agency extends to all transactions of the corporation, and not to the management solely of a particular branch or department of its business (*Brewster* v. *Michigan Central R. R. Co.*, 5 How. Prac. 183; *Emerson* v. *Auburn*, 13 Hun, 150; *Weight* v. *Liverpool & London & Globe Ins. Co.*, 30 La. Ann. 1186)."

In *Winslow* v. *Staten Island R. T. R. R. Co.*, 51 Hun, 300, 4 N. Y. Supp. 169, it was said in the decision: "The fact that the person served was not the treasurer seems to be clearly established, and the fact that he occupied another office and performed the duties of treasurer, perhaps, did not authorize the service upon him so as to bind the corporation, as the assistant treasurer is not designated in the code as one of the persons upon whom such service shall be made. It is sought, also, to sustain the service by showing that Curry was a managing agent of the corporation. In this we think the proof wholly fails. It is true that Curry was engaged in and about

the business of the corporation, and that, in addition to his ordinary duties as clerk to the corporation, he was in the habit, as assistant treasurer, of drawing checks payable to the order of another clerk of the corporation. But there is no evidence whatever that he had any part in the management of the business of the corporation, or that he exercised any authority as a managing agent. * * * Where the statute prescribes that jurisdiction is to be obtained in a particular way, then the requirements of the statute must ·be complied with, or jurisdiction cannot be acquired. If there is any hardship under the law, it is not for the courts to amend the statute, because that is a duty which is imposed upon the legislature."

In *Holgate* v. *Oregon Pacific R. R. Co.*, 16 Or. 123, 17 Pac. 859, it was held that corporations being the creatures of the statute, can be sued only in such way as the legislature has provided. Over the citation of a long list of cases it is said at section 7503 of Thompson on Corporations: "Where a particular method of service of process upon corporations is pointed out by statute, that method must be followed; and, where the statute designates the officer or agent upon whom process is to be served, it must be served upon that officer or agent, in order to give jurisdiction. Statutes of this kind are not regarded as directory, but as mandatory and exclusive. Hence, where the statute prescribes the method of service, a method not included therein will not be good, although it might have been good at common law. Thus, if the statute designates certain officers or agents upon whom writs may be served, a service upon another agent or even upon a person in possession of the property of the corporation sought to be affected by the suit will not give jurisdiction."

In *Scorpion Silver Mining Co.* v *Marsano*, 10 Nev. 370, it was held that the service must come within the terms of the statute, and it was not sufficient when made upon the managing agent instead of the business manager.

In *Lonkey* v. *Keyes S. M. Co.*, 21 Nev. 313, it was held that service upon the deputy secretary of state did not comply with the statute providing for service upon the secretary of state; and Justice Murphy, speaking for the court, said;

"The attorney for the appellant contends 'that the service of process upon the deputy secretary of state was not a service upon the secretary, and was not a compliance with the statute under consideration.' The law in regard to the service of process on foreign corporations must receive a strict construction, and the service must be made upon the officer or person mentioned in the act of the legislature. The cases are numerous which hold that, where a particular method of serving process is pointed out by the statute, that method must be followed, and the rule is especially exacting in reference to corporations. Was the service upon 'A. Helm, deputy secretary of state (the secretary being absent from the state),' a compliance with the act of 1889 (Stats. 1889, p. 47, c. 44)? * * * In the case of *City of Watertown* v. *Robinson*, 69 Wis. 233, 34 N. W. 140, the supreme court of that state said: 'When the statute prescribes a particular mode of service, that mode must be followed. "*Ita lex scripta est.*" There is no chance to speculate whether some other mode will not answer as well. This has been too often held by courts to require further citations. When the statute designates a particular officer to whom the process may be delivered, and with whom it may be left as service upon the corporation, no other officer or person can be substituted in his place. The designation of one particular officer upon whom service may be made excludes all others.' This language was afterwards approved and adopted by the Supreme Court of the United States in the case of *Amy* v. *Watertown,* 130 U. S. 317, 9 Sup. Ct. 530, 32 L. Ed. 946. (2 Beach, Corp. sec. 859; *Tallman* v. *Railroad Co.*, 45 Fed. 156.) * * * In *Winslow* v. *Railroad Co.*, 2 N. Y. Supp, 682, service of summons on the assistant treasurer was held to be void 'for the reason that he was not the president or other head of the corporation, the secretary or clerk to the corporation, the cashier or treasurer, or a director or managing agent.' See, also, *City of Watertown* v. *Robinson*, 59 Wis. 515, 17 N. W. 542; *Mariner* v. *Town of Waterloo*, 75 Wis. 440, 44 N. W. 512; *Alexandria* v. *Fairfax*, 95 U. S. 779, 24 L. Ed. 583; *Kennedy* v. *Hibernia S. & L. Soc.*, 38 Cal. 154; *Aiken* v. *Mining Co.*, 6 Cal. 186; *Cloud* v. *Inhabitants*, 86 Mo. 362; *Williamette F. C. M. & T. Co.* v. *Williams*, 1 Or. 112, 113;

*Mining Co.* v. *Marsano*, 10 Nev. 376; *Blanc* v. *Mining Co.*, 95 Cal. 524, 30 Pac. 765, 29 Am. St. Rep. 149; *Jepson* v. *Cable Co.*, 20 N. Y. Supp. 300; *Kibbe* v. *Benson*, 17 Wall. 627, 21 L. Ed. 741; *Reinhart* v. *Lugo*, 86 Cal. 395, 24 Pac. 1080, 21 Am. St. Rep. 52. It was not designed by the legislature that a service of process upon the deputy secretary of state should be deemed sufficient to bring a corporation into court. We are therefore compelled to hold that the service in this case gave the court no jurisdiction of the defendant."

It may be assumed that the district judge in deciding that the service upon Wise was noneffectual had in mind the opinions of this and other courts holding to a strict construction, and considered that it was the settled law of this state that service must be made upon some one of the officers designated by the legislature. We could not reach the conclusion that the lower court erred without in effect overruling the construction heretofore placed upon the statute, and, if the question were a new one, we could see no reason for deciding differently so long as the statute stands in its present condition. Whether it would be better and more convenient to provide that, where a banking corporation has an assistant cashier in charge of a branch of its business, service may be made upon him, if the corporate officers are absent from the county, is a matter of expediency for the legislature, and not for the courts, to determine.

The only other specification of error in the statement is that the court erred in refusing to admit in evidence the returns of service upon Wise in four other cases which were brought against the defendant, but this objection is not properly before us, because, as claimed for respondent, it does not appear that any objection or exception was taken in this regard in the lower court. (*McGurn* v. *McInnis*, 24 Nev. 370; *State* v. *Lawrence*, 28 Nev. 440.)

The receiver appointed to take charge of the property and affairs of the defendant after the order from which the appeal is taken was made has moved to dismiss the appeal upon the ground that he ought to have been served with the notice and statement. By attorney he has appeared, filed a brief, and argued the case upon its merits.

The appellant has resisted the motion to dismiss by an extended brief attacking the constitutionality of the banking act of 1907 (Stats. 1907, p. 232, c. 119, sec. 10), under which the receiver was appointed, and in that way has raised a question which was not presented to the trial court. Neither has ever moved to substitute the receiver for the defendant. If service was required upon him, its purpose was analogous to a summons to enable him to appear and protect the interests of the defendant and argue the case, which he has done, on the merits in this court. The constitutional question was not before the lower court, and, if it had been, it would not be determined on appeal unless absolutely necessary to properly dispose of the case. (*State* v. *Curler*, 26 Nev. 347.) Such necessity does not appear to exist because the determination we have made of the case on its merits is as favorable to the respondent, as if we had considered and granted the motion to dismiss the appeal, and as favorable to appellant as if we had denied this motion. The constitutionality of this banking act is now under consideration by this court in another cause, and may arise in the district court, if either party asks to have the receiver substituted in place of the defendant there.

The order vacating the judgment is affirmed, and the case is remanded to the district court.